724 So.2d 1070 (1998)
Christopher L. THOMPSON a/k/a Christopher Lenard Thompson, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-CA-01408 COA
Court of Appeals of Mississippi.
December 18, 1998.
*1071 Pro Se, Attorney for Appellant.
Office of the Attorney General by Jean Smith Vaughan, Attorneys for Appellee.
BEFORE BRIDGES, C.J., PAYNE AND SOUTHWICK, JJ.
SOUTHWICK, J., for the Court:
¶ 1. Christopher Thompson was refused post-conviction relief in the Marion County Circuit Court. On appeal, he asserts that his guilty plea had not been intelligently and voluntarily given. Additionally, Thompson contends that he received ineffective assistance of counsel. We find no merit in Thompson's appeal and affirm.

FACTS
¶ 2. Christopher Thompson pled guilty to two counts of armed robbery. His plea was taken along with those of eight other co-defendants who pled to similar charges. At the plea hearing, Thompson stated that he understood that he was required to tell the truth or be prosecuted for the crime of perjury. *1072 In response to the circuit court's questions he indicated that he was eighteen years old, "made it to the eleventh grade," that he knew how to read and write, that he read and understood his petition to enter a guilty plea, and that he was not under the influence of any drugs or alcohol. Thompson also stated that he understood the charges against him, and the minimum and maximum sentences involved, that his attorney had reviewed the charges and applicable sentences with him and had spent a sufficient amount of time doing so, and that he had confidence in his attorney. After acknowledging his rights, Thompson waived jury trial and pled guilty to two charges of armed robbery. He indicated to the court that he was entering his guilty pleas because he was guilty of the charges against him.
¶ 3. The State agreed not to prosecute Thompson on a third armed robbery charge. So that Thompson would be eligible for parole, the State also agreed to a finding by the trial court that Thompson did not display a deadly weapon during the armed robbery incidents. The court sentenced Thompson to serve concurrent terms of twenty years on count one and thirty years on count two.
¶ 4. Thompson raised a number of issues in his petition for post-conviction relief involving the validity of his guilty plea. The circuit court dismissed the majority of Thompson's allegations and found that Thompson's plea was in fact intelligently and voluntarily entered. The court, however, granted Thompson an evidentiary hearing on the issue of whether Thompson received ineffective assistance of counsel. Thompson contended that his counsel inappropriately instructed him to conceal a promise made to him that he would receive a sentence of six months in the county jail. In response to the motion, the State submitted the affidavit of Morris Sweatt, Thompson's trial counsel, in which Sweatt denied expressing to Thompson that he would receive a six month sentence. Rather, Sweatt advised Thompson that he would receive a sentence between three years and less than life for each armed robbery charge, but he would be eligible for parole.
¶ 5. After the circuit court dismissed most of his claims on October 4, 1996, Thompson filed on March 10, 1997 an "Amended and/or Supplemental motion to Vacate and Set-Aside Sentence." In his amended pleading, Thompson asserted, among other things, that his counsel instructed him that he would receive a sentence of no more than fifteen years. That of course is a change from the complaint that he had been promised a six month sentence. Thompson also made new arguments disputing his knowledge of the actual charge and its consequences, although the only issue the circuit court reserved for the evidentiary hearing was whether his plea was induced by his counsel's representations that he would receive a six month sentence.
¶ 6. An evidentiary hearing was held, and Thompson was given the opportunity to question Sweatt. No transcript appears in the record, though the documentary evidence does. In the final order dated June 5, 1997, the court noted that at the hearing, Sweatt denied ever telling Thompson that he would receive a sentence of six months. In the court's language, there was introduced
a document entitled "Understanding of Plea Offer" which set forth in detail the supposed plea agreement with the District Attorney's office and the possible consequences of a guilty plea. In particular, this document noted that "with two armed robbery pleas, the court may sentence me to as many years as the court deems just, short of life, and the court may run the sentences concurrent ... or ... consecutive."
¶ 7. The document was dated the day before the plea and was signed by both Thompson and his attorney. Thompson did not refute the genuineness of the document or his signature.

DISCUSSION

A. Validity of Guilty Plea
¶ 8. Thompson alleges that his plea was not knowingly and voluntarily given. First, he argues that his plea is invalid because of his reliance on his counsel's representation that he would receive a maximum sentence of fifteen years. In Thompson's petition to enter a plea was a blank that was to reveal the minimum and maximum sentence. Initially *1073 typed was "n/a" for the minimum and "15 years" for the maximum. That typing was scratched out. In their place Thompson's attorney handwrote "3 years to less than life, M.S." Thompson claims that this handwritten interlineation was done without his knowledge and after he signed the petition. He insists that when entering his guilty plea he believed that the maximum sentence he would receive was fifteen years.
¶ 9. The State counters that Thompson failed to raise in his petition for post-conviction relief the matter of the interlineation. Accordingly, the State argues that this issue is procedurally barred as matters brought on petition for post-conviction relief are subject to appeal only if they were raised in the lower court. See Berdin v. State, 648 So.2d 73, 80 (Miss.1994). It is true that Thompson did not raise this factual issue in his initial petition, but he did in the "Amended and/or Supplemental motion to Vacate and Set-Aside Sentence" that was filed before the hearing. The orders entered by the lower court do not refer to the interlineation issue.
¶ 10. Thompson also challenges the validity of his guilty plea on the ground that the circuit court failed to inform him personally of the minimum sentence which could be imposed on him. However, the plea petition that Thompson read, understood, and signed, stated the statutory maximum and minimum sentences which he could be given.
¶ 11. Regarding both of Thompson's arguments, the central question is whether Thompson's guilty pleas were made both voluntarily and intelligently. Boykin v. Alabama, 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Only where the accused is advised of the nature of the charges against him and of the consequences of the plea is the plea considered voluntarily and intelligently given. Alexander v. State, 605 So.2d 1170, 1171 (Miss.1992). In order to comply with this requirement, a trial court must determine, on-the-record, that the plea is voluntarily and intelligently made, that there is a factual basis for the plea, and that the plea is not provoked by fear, violence, deception or other improper inducements. URCCC 8.04. Among the inquiries that must be made is whether the accused understands the nature and consequences of his plea, and the maximum and minimum penalties provided by law. Id.
¶ 12. The transcript of the 1995 hearing at which the plea was entered reveals that the court thoroughly explained to Thompson his constitutional rights to counsel, trial, and confrontation of witnesses. Thompson was informed that by entering his guilty plea he was waiving those rights. After each statement of rights, Thompson indicated that he understood them and understood that a plea would waive those rights. He answered affirmatively the specific question of whether his attorney had explained the maximum and minimum penalties pertaining to the charges against him. Thompson's counsel confirmed at the plea hearing, in a subsequent sworn affidavit, and in his testimony at the post-conviction evidentiary hearing, that he educated his client on his constitutional rights and the maximum and minimum sentences involved.
¶ 13. Thompson points out that the circuit court failed at the hearing to inform him personally of the mandatory minimum sentence. That is, the judge never turned to Thompson and said in open court the specific maximum and minimum sentences. In the court's subsequent order on post-conviction relief, the court acknowledged this failure. The court held that "this oversightif, indeed, it is deemed suchis `at best harmless error.' Banana v. State, 635 So.2d 851, 855 (Miss.1994). [URCCC 8.04] only requires a judge to inquire and determine whether the defendant understands the maximum and minimum penalties. Id. (emphasis added)."
¶ 14. The supreme court has ruled that failure by a trial court specifically to inform a defendant of the maximum and minimum sentences may be harmless if the defendant was correctly informed by another source or "if appears beyond a reasonable doubt that the plea would have been entered anyway...." State v. Pittman, 671 So.2d 62, 64 (Miss.1996). If a trial court fails to advise a defendant of a minimum sentence, the defendant must establish that he was misinformed and "that the case was misrepresented or the defendant expected to receive *1074 a lesser sentence." Courtney v. State, 704 So.2d 1352, 1358 (Miss.App.1997).
¶ 15. The record in this case fails to support the conclusion that Thompson was misinformed of the three year minimum sentence. Thompson's attorney testified that such information was supplied to Thompson, and Thompson signed the guilty plea petition on which the three year minimum was shown. Thompson indicated to the court during the plea hearing that he fully understood the maximum and minimum penalties in his case. There is nothing in the record to corroborate Thompson's claims that the handwritten changes to his plea petition were made without his knowledge. Moreover, from the record before us, it appears beyond a reasonable doubt, that even if the trial court had personally informed Thompson of the minimum sentence involved, he would have entered his plea anyway.
¶ 16. If "the petitioner's version is belied by previous sworn testimony, ... as to render his affidavit a sham we will allow summary judgment [of his petition for post-conviction relief] to stand." Taylor v. State, 682 So.2d 359, 364 (Miss.1996) (quoting Mowdy v. State, 638 So.2d 738, 743 (Miss.1994)). Thompson's arguments contradict the sworn testimony he gave at his plea hearing rendering his affidavit "a sham." We agree with the circuit court that Thompson entered his plea voluntarily and intelligently.

B. Ineffective Assistance of Counsel
¶ 17. On appeal, Thompson alleges two incidents of his counsel's performance that he claims were deficient. First, his court-appointed counsel amended his guilty plea petition making handwritten interlineations without his consent or knowledge. Secondly, his counsel's representation that he would receive a maximum of 15 years imprisonment induced his guilty plea. Following the evidentiary hearing, the circuit court concluded that Thompson's counsel was adequate and not constitutionally deficient.
¶ 18. To demonstrate ineffective assistance of counsel, a criminal defendant must show that the counsel's performance was deficient, that the deficient performance prejudiced his defense, and that there is a reasonable probability that, but for counsel's errors, the result of the trial proceedings would have been different. Foster v. State, 687 So.2d 1124, 1129 (Miss.1996) (applying Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). "A defendant who pleads guilty to a crime is `prejudiced' by his counsel's erroneous advice if `he would have insisted on going to trial if he had been correctly informed.'" Alexander, 605 So.2d at 1173. An allegation that a defendant has been incorrectly informed of sentence range is a question of fact that is to be resolved by the trial court. Ward v. State, 708 So.2d 11, 15 (Miss.1998). Morris Sweatt indicated on more that one occasion that he advised Thompson that he would receive a sentence of three years to something less that life for each armed robbery charge.
¶ 19. The burden is on Thompson to prove both prongs of the Strickland requirements. Taylor v. State, 682 So.2d 359, 364 (Miss.1996). Thompson fails to prove that his counsel's performance was deficient. Nothing in the record suggests that Thompson's counsel altered the plea petition without Thompson's consent nor after Thompson affixed his signature to the document. We find properly effective counsel assisted Thompson at his plea hearing.
¶ 20. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, AND PAYNE, JJ., CONCUR.