879 So.2d 1072 (2004)
Roosevelt DOCKENS, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00352-COA.
Court of Appeals of Mississippi.
August 3, 2004.
*1074 Roosevelt Dockens, Jr., appellant, pro se.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before SOUTHWICK, P.J., IRVING and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Roosevelt Dockens, Jr. pled guilty to two charges of grand larceny and one charge of possession of cocaine. He was sentenced to five years in the custody of the Mississippi Department of Corrections, with three years suspended and two years to serve, on each of the grand larceny charges. He was sentenced to serve eight years on the possession of cocaine charge. Dockens petitioned the circuit court for post-conviction relief and, subsequently, filed a motion to vacate, set aside, and correct judgment. The circuit court denied relief. On appeal, Dockens asserts that (1) the court failed to inform him of the true charges he faced and the minimum sentences for the charges, (2) his pleas were not entered knowingly, intelligently, and voluntarily, (3) the court failed to honor the plea agreement, (4) he was denied due process, and (5) he was denied effective assistance of counsel. We find no error and affirm.

STANDARD OF REVIEW
¶ 2. In reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct. App.2002).

ANALYSIS

1. Failure to inform of true charges and minimum sentence
¶ 3. Dockens asserts that his indictment was not read in open court in order to inform him of the true charges he faced. He also argues that the court erred in not reciting the minimum sentences for each charge and that he was unaware of the two-year minimum sentence for possession of cocaine.
¶ 4. During the evidentiary hearing, the legal assistant for Dockens' counsel testified that she was not the one who wrote the "2" on the plea petition for possession of cocaine illustrating the minimum number of years imprisonment. Dockens relies on this testimony to support his claim that he was not informed of the two year minimum sentence that possession of cocaine carries. However, the fact that the minimum sentence was not written in the legal assistant's handwriting does not suggest that Dockens was unaware of the minimum sentence. In fact, the record contains no evidence that supports either Dockens' claim that he was not informed of the minimum sentence for the charges or his claim that he was not informed of the true charges he faced.
¶ 5. Both the indictment, which charged Dockens, and the petition to enter a plea *1075 of guilty filed by Dockens expressed that two years was the minimum sentence for possession of cocaine. The indictment specifically charged Dockens with having in his "possession a certain controlled substance, to wit .39 grams of Cocaine." His petition to enter a plea of guilty on the possession of cocaine charge stated he was entering a plea of guilty to "possession of a controlled substance." His petition to enter a plea of guilty on the two counts of grand larceny stated that he was pleading to the charges of "grand larceny 2 counts."
¶ 6. Although the trial judge did not verbally state the minimum penalties for each charge Dockens faced, Dockens' plea petitions informed him of the minimum sentences for the charges he faced. In Thompson v. State, 724 So.2d 1070, 1073 (¶ 14) (Miss.Ct.App.1998), we held that:
failure by a trial court specifically to inform a defendant of the maximum and minimum sentences may be harmless if the defendant was correctly informed by another source or "if appears beyond a reasonable doubt that the plea would have been entered anyway...." State v. Pittman, 671 So.2d 62, 64 (Miss.1996).
¶ 7. Dockens was informed in his plea petition and indictment of the minimum sentence for possession of cocaine. His indictment stated that possession of cocaine is "punishable by imprisonment not less than two (2) years nor exceeding eight (8) years." His plea petitions for the possession charges stated the maximum punishment the court could impose was eight years and the minimum punishment was two years. Therefore, the trial judge's failure to verbally state the minimum sentence during the plea hearing was harmless. Thompson, 724 So.2d at 1073 (¶ 14).
¶ 8. Dockens' plea petitions for the grand larceny charges did not state the minimum punishment for grand larceny. However, Mississippi Code Annotated Section 97-17-41 (Supp.2003) does not provide a minimum sentence for grand larceny. Since this statute sets no minimum penalty, the trial judge was not obligated to inform Dockens of the minimum sentence for grand larceny. Bevill v. State, 669 So.2d 14, 18 (Miss.1996).
¶ 9. Neither Dockens' claim that he was not informed of the true charges he faced nor his claim that he was unaware of the minimum sentences are supported by the record. Therefore, these claims are without merit.

2. Involuntary plea
¶ 10. Dockens argues that his plea petitions were involuntary because he was led to believe his sentences would run concurrently. He offers that it was his belief that, due to his sentences running concurrently, he would serve only eight years.
¶ 11. A plea is considered "voluntary and intelligent" if the defendant is advised about the nature of the charge and the consequences of the entry of the plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). The defendant must be instructed that a guilty plea waives his or her rights to a jury trial, to confront adverse witnesses, and to protection against self-incrimination. Id.
¶ 12. Dockens bears the burden of proving by a preponderance of the evidence that he is entitled to post-conviction relief. McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989). "Once the trial judge has determined at a preliminary hearing that a confession is admissible, the defendant/appellant has a heavy burden in attempting to reverse that decision on appeal." Sills v. State, 634 So.2d 124, 126 (Miss.1994) (quoting Frost v. State, 483 So.2d 1345, 1350 (Miss.1986)). "Such findings are treated as findings of fact made *1076 by a trial judge sitting without a jury as in any other context. As long as the trial judge applied the correct legal standards, his decision will not be reversed on appeal unless it is manifestly in error, or is contrary to the overwhelming weight of the evidence." Foster v. State, 639 So.2d 1263, 1281 (Miss.1994).
¶ 13. The record simply does not support Dockens' claim that he expected to serve only eight years. Each of Dockens' plea petitions recited that the recommended sentence would be eighteen years with six years suspended and twelve to serve. Dockens' trial counsel testified during the evidentiary hearing that he informed Dockens that he would be sentenced to serve twelve years. Dockens received the exact sentence he bargained for, twelve years to serve.
¶ 14. Dockens was fully advised about the nature of the charges and the consequences of his entry of the pleas. In his plea petitions, Dockens affirms that his lawyer fully advised him of the nature of the charges and the possible defenses. Dockens acknowledged that he understood that by pleading guilty he was waiving his right to a jury trial, to cross-examine witnesses, and to protection against self-incrimination.
¶ 15. During the plea hearing, the judge questioned Dockens regarding his age, his ability to read and write, and whether it was his signature on his plea petition. Dockens professed that his lawyer reviewed the petition with him and that he was satisfied with his lawyer's performance. Dockens responded that he understood the maximum penalty the court could impose on him was eighteen years. He stated that he did not know of any reason why the judge should not accept his pleas. He acknowledged that he was pleading guilty for the sole reason that he was in fact guilty of committing the crimes. The court accepted Dockens' pleas finding that he was alert, understood the circumstances and the consequences of offering his pleas, and offered the pleas freely and voluntarily after having been advised by competent counsel.
¶ 16. Based on our review of the record, we find that Dockens entered his pleas knowingly, voluntarily, and intelligently. Therefore, the trial judge did not err in accepting Dockens' pleas.

3. Failure to honor plea agreement
¶ 17. Dockens argues that the circuit court erred by failing to honor the plea bargain agreement. He claims that the district attorney's office recommended that all three of his sentences run concurrently, but the court did not honor that agreement and required that the sentences run consecutively.
¶ 18. In Moore v. State, 394 So.2d 1336, 1337 (Miss.1981), the court held that if the judge informs the defendant that the judge does not have to accept the recommendation, the judge is not in error for failing to follow the recommendation. Here, the circuit judge informed Dockens that he did not have to accept the recommendation and he could sentence him to the maximum or minimum sentence. Dockens replied that he understood. Therefore, the circuit judge would not be in error for failing to follow the plea agreement.
¶ 19. However, our review of the record reveals that the judge did follow the plea agreement. Each of the plea petitions states the recommendation of eighteen years with six years suspended and twelve to serve. Despite the parties' confusion over whether to classify the sentences as running concurrently or consecutively, the basis of the recommendation was that Dockens would serve a total of twelve years. Dockens was sentenced to serve *1077 the twelve years, as recommended. This assignment of error is without merit.

4. Denial of due process
¶ 20. It appears that Dockens advances two claims in support of his contention that he was denied due process. First, he asserts that he was denied a fair and impartial evidentiary hearing because the judge did not rule on whether the court had violated Uniform Circuit and County Court Rule 8.04. Second, Dockens argues that the judge should have disqualified himself due to an unfair ruling the judge made by stating that Dockens signed three plea agreements stating the exact same language.
¶ 21. Uniform Circuit and County Court Rule 8.04 provides the proper procedures, duties, and safeguards involved in the entry of guilty pleas and in plea bargaining. As we ruled above, the circuit court committed no error in accepting Dockens' pleas and the basis of the plea bargain was effectuated. Also, nothing in the record suggests the circuit judge had any reason to disqualify himself and the reason Dockens suggests for disqualification is totally devoid of merit. Therefore, this assignment of error is without merit.

5. Ineffective assistance of counsel
¶ 22. Dockens next argues that he was denied effective assistance of counsel. Dockens bases this claim on the fact that his trial counsel did not object when the court sentenced him to serve his three sentences consecutively. Dockens argues that his counsel gave a false statement regarding whether he had written on the plea agreement. Dockens claims his counsel failed to tell the judge about the concurrent agreement. He also notes that his plea petitions contained a recommendation of eighteen years which is more time than possession of cocaine carries.
¶ 23. In order to prevail on his claim, Dockens must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced him in such a way that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The counsel's deficiency is assessed by looking at the totality of the circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). We, as an appellate court, apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Burns v. State, 813 So.2d 668, 673(¶ 14) (Miss.2001).
¶ 24. Before accepting Dockens' guilty plea, the judge specifically asked Dockens if he was satisfied with his counsel. Dockens responded in the affirmative. Dockens' guilty plea petitions also indicate that he was informed of the possible sentence he could receive and that he was satisfied with his counsel's representation.
¶ 25. Moreover, Dockens has failed to establish that his counsel's performance was deficient. The basis of the plea bargain was that Dockens would serve twelve years for the charges he faced. The court awarded him eighteen years with six years suspended and twelve years to serve, as was bargained for. Therefore, the failure of Dockens' counsel to object to his sentence does not constitute deficient performance.
¶ 26. Neither Dockens' claims regarding his counsel giving false statements, nor the eighteen year recommendation on the plea petitions, establish that his counsel was deficient. The record simply does not support Dockens' claim that his counsel gave false statements regarding *1078 whether he had written on the plea agreement. Although the eighteen year recommendation on each of Dockens' plea petitions was longer than the maximum sentence for either possession of cocaine or two counts of grand larceny, it is clear that the recommendations were for the total of the charges, not for the total on each charge.
¶ 27. Dockens has failed to show that his counsel's performance was deficient. Therefore, we find this issue to be without merit.
¶ 28. THE JUDGMENT OF THE CHICKASAW COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO CHICKASAW COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.