MYERS, P.J.,
 

 for the Court:
 

 ¶ 1. On November 21, 2005, John Johnson pleaded guilty in the Circuit Court of Hinds County to three counts of statutory rape stemming from a three-year sexual relationship with his stepdaughter, “Jane.”
 
 [1]
 
 The first two counts alleged that Johnson had raped Jane when she was under fourteen years of age, but at the time of the final count, Jane was fifteen years old.
 
 [2]
 
 Johnson, born in 1970, was therefore indicted under two different subsections of Mississippi Code Annotated section 97-3-65 (Rev.2006). The third count was under subsection (l)(a), for rape of a child under sixteen; for Johnson, it carried a maximum sentence of thirty years without a statutory minimum. The first two counts were under subsection (l)(b), for the rape of a child under fourteen years of age; those counts carried a statutory maximum of life imprisonment and a statutory minimum of twenty years.
 

 
 *18
 
 ¶ 2. Johnson entered an “open” plea of guilty, and the circuit court sentenced him to three concurrent twenty-five-year sentences. Johnson then filed a timely motion for post-conviction relief alleging, among other things, that his attorney had misled him to believe he would receive a suspended sentence because he was a first-time offender. The circuit court dismissed Johnson’s motion without an evi-dentiary hearing. On appeal, Johnson presents a somewhat different argument: he alleges that his guilty plea was involuntary because he was never informed of the statutory minimum term of imprisonment for the rape of a child under fourteen years of age. After a thorough review of the record, we find that the circuit court erred in dismissing Johnson’s petition, and we remand the case to that court for an evidentiary hearing to determine whether Johnson was misinformed regarding the statutory minimum and whether he acted upon that misinformation in pleading guilty. We find Johnson’s remaining allegations without merit.
 

 STANDARD OF REVIEW
 

 ¶ 3. A circuit court may summarily dismiss a motion for post-conviction relief “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss. Code Ann. § 99-39-11(2) (Supp.2009). “On appeal, this Court will affirm the summary dismissal of a PCR petition if the petitioner has failed to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right.”
 
 Robinson v. State,
 
 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009). This Court reviews the dismissal of a post-conviction relief motion for an abuse of discretion.
 
 Willis v. State,
 
 904 So.2d 200, 201 (¶ 3) (Miss.Ct.App.2005). But we will reverse and remand for a hearing if the movant has “alleged facts which require further inquiry in the expanded setting of an evidentiary hearing.”
 
 Mitchener v. State,
 
 964 So.2d 1188, 1192-93 (¶ 10) (Miss.Ct.App.2007) (quoting
 
 Jones v. State,
 
 949 So.2d 872, 873 (¶ 3) (Miss.Ct.App.2007)).
 

 DISCUSSION
 

 1. Statutory Minimum Sentence
 

 ¶ 4. In Johnson’s motion for post-conviction relief, he stated:
 

 [P]lea counsel mislead [sic] the petitioner by stating that by pleading open to the selected charges, the trial court would more than likely deliver a suspended sentence. Petitioner’s justifiable reliance on plea counsel’s misrepresentations caused him undue prejudice and evidenced deficient performance on counsel’s part.
 

 In his affidavit attached to the motion, Johnson added:
 

 My attorney told me that I needed to plead guilty because as a first offender Judge Tomie Green would be very lenient on me.
 

 [[Image here]]
 

 [I] was shocked when I received a sentence of twenty-five (25) years to serve. Had I not been led to believe otherwise, I would not have agreed to an open plea of guilty. My open plea of guilty was not knowingly and intelligently made as it was based on misinformation from my attorney....
 

 ¶5. In his brief on appeal, Johnson’s argument has evolved. He now argues that his guilty plea was involuntary because the circuit court and his defense counsel failed to advise him of the statutory minimum sentence on two of the counts he faced. Johnson also now specifically alleges that he would not have pleaded guilty if his counsel had not misrepresen
 
 *19
 
 ted the minimum sentences he could receive.
 

 ¶ 6. Generally, “[a] trial judge cannot be put in error on a matter which was not presented to him for decision.”
 
 Ponder v. State,
 
 BB5 So.2d 885, 886 (Miss: 1976). Nonetheless, a review of the record indicates that any procedural bar should be waived in this case. Although Johnson’s argument on appeal is not the same as the one he presented to the circuit court in his motion for post-conviction relief, it is at least implied by his allegation in the original motion that his attorney had told him he would “likely” receive a suspended sentence. Moreover, Johnson now points — albeit also for the first time on appeal — to his petition to enter a plea of guilty, which is found in the record and was before the circuit judge on Johnson’s motion for post-conviction relief. The form plea petition is typed, but it has blanks to be completed by hand for the “maximum” and “minimum” punishments the court may impose for each count of the indictment. The hand-completed portion of the plea petition accurately reflects that the maximum punishment for counts one and two of the indictment was “life” and that the maximum punishment for count three was “30 years.” However, the plea petition erroneously states that the minimum punishment was “0” for each of the three counts, when, in fact, the statute mandates a minimum of twenty years imprisonment for both counts one and two. Finally, Johnson also notes, again for the first time on appeal, that the circuit court did not advise him of the statutory minimums during the plea colloquy. Although Johnson also failed to make this argument in his motion for post-conviction relief, the transcript of the hearing was again before the circuit court on that motion.
 

 ¶ 7. “A guilty plea is not binding on a criminal defendant unless it is entered voluntarily and intelligently.”
 
 Spry v. State,
 
 796 So.2d 229, 231 (¶ 6) (Miss.2001) (citing
 
 Myers v. State,
 
 583 So.2d 174, 177 (Miss.1991)). In determining whether a plea is voluntary, the court will examine whether “the defendant knows what the elements -are of the charge against him including an understanding of the charge and its relation to him, what effect the plea will have; and what the possible sentence might be because of his plea.”
 
 Id.
 
 (quoting
 
 Wilson v. State,
 
 577 So.2d 394, 397 (Miss.1991)). The Mississippi Supreme Court has repeatedly held that “[a] defendant must be advised concerning the nature of the charge against [him] and the consequences of [his] plea including the minimum and maximum sentences that may be imposed.”
 
 Hannah v. State,
 
 943 So.2d 20, 25 (¶ 12) (Miss.2006) (citing
 
 Alexander v. State,
 
 605 So.2d 1170, 1172 (Miss.1992));
 
 Drennan v. State,
 
 695 So.2d 581, 586 (Miss.1997) (citing
 
 Nelson v. State,
 
 626 So.2d 121, 126 (1993)). Moreover, Uniform Rule of Circuit and County Court 8.04(A)(4)(b) imposes upon trial judges of this state a duty to “inquire and determine ... [t]hat the accused understands ... the maximum and minimum penalties provided by law....” “[A] sentence and conviction based upon a. guilty plea where a defendant was not, made aware of. a mandatory minimum sentence at the time of the plea can be reversed.”
 
 Washington v. State,
 
 620 So.2d 966, 968 (Miss.1993) (citing
 
 Alexander,
 
 605 So.2d at 1172). However, that failure may be harmless error if the defendant was correctly informed by another source or “if appears beyond a reasonable doubt that the plea would have been entered anyway.”
 
 Dockens v. State,
 
 879 So.2d 1072, 1075 (¶6) (Miss.Ct.App.2004) (quoting
 
 State v, Pittman,
 
 671 So.2d 62, 65 (Miss.1996)). The burden of proving that the guilty plea was not voluntarily .is on the defendant and must be proven by a
 
 *20
 
 preponderance of the evidence.
 
 Stevenson v. State,
 
 798 So.2d 599, 602 (¶ 7) (Miss.Ct.App.2001).
 

 ¶ 8. We conclude that the record contains sufficient evidence to require an evi-dentiary hearing on Johnson’s allegation that he was uninformed or misinformed regarding the mandatory minimum sentence of twenty years for the two counts of statutory rape under section 97-3-65(1)(b). Johnson “is entitled [to] a full hearing to determine whether he, in fact, received and acted upon inaccurate information” in entering his guilty plea.
 
 Nelson,
 
 626 So.2d at 126.
 

 2. Ineffective Assistance of Counsel
 

 ¶ 9. In addition to the allegations regarding what sentence Johnson was told he could receive, which we have discussed above, Johnson’s motion for post-conviction relief also alleges ineffective assistance of counsel in other respects. Specifically, Johnson alleges that his trial counsel failed to offer mitigating evidence at his sentencing hearing and failed to ensure that the circuit court considered a presentence investigation (PSI) report prior to sentencing. We find these remaining allegations without merit.
 

 ¶ 10. “In order to prevail on the issue of whether his defense counsel’s performance was ineffective, [the petitioner] must prove that his counsel’s performance was deficient and that he was prejudiced by counsel’s mistakes.”
 
 Kinney v. State,
 
 737 So.2d 1038, 1041 (¶8) (Miss.Ct.App.1999) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The burden of proof on both prongs rests with the defendant.
 
 McQuarter v. State,
 
 574 So.2d 685, 687 (Miss.1990). “There is a strong but rebut-table presumption that counsel’s conduct fell within the wide range of reasonable professional assistance.”
 
 Kinney,
 
 737 So.2d at 1041 (¶ 8) (citing
 
 Moody v. State,
 
 644 So.2d 451, 456 (Miss.1994)). Additionally, a petitioner is required to “allege both prongs of the above test with specific detail.”
 
 Coleman v. State,
 
 979 So.2d 731, 735 (¶ 15) (Miss.Ct.App.2008) (citing
 
 Brooks v. State,
 
 573 So.2d 1350, 1354 (Miss.1990)).
 

 ¶ 11. During the sentencing hearing, the State told the circuit court that the victim and her grandmother were present and wanted to make a statement to the court. Johnson’s counsel stated that Johnson’s son and pastor were present on his behalf. But the circuit court stated in response: “Thank you. The Court is not going to take any testimony this morning. I have accepted the plea of the defendant and have ordered a pre-sentence investigation.” The court then remarked on Johnson’s exploitation of his position of authority as the victim’s stepfather and recounted the harm Johnson had caused to the child. It then sentenced Johnson to three concurrent twenty-five-year terms.
 

 ¶ 12. Johnson alleges that his attorney was ineffective in failing to object to the circuit court’s decision not to hear testimony and in failing to proffer the testimonies of his witnesses. This argument is without merit because Johnson has failed to show, or even allege with any specificity, what those witnesses would have testified to. “[C]ounsel’s choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections falls within the ambit of trial strategy.”
 
 Bigner v. State,
 
 822 So.2d 342, 346-47 (¶ 24) (Miss.Ct.App.2002). Likewise, Johnson’s argument that his attorney was ineffective in failing to insist that Johnson be allowed to make a statement on his own behalf is without merit; Johnson asserts only that he would have represented to the Court that this was his first offense. There is simply nothing in the record to support Johnson’s claim that he had no
 
 *21
 
 prior criminal history. Moreover, there is no indication that the circuit court believed Johnson did have a criminal history; the court cited several reasons for sentencing Johnson to three concurrent twenty-five-year terms of imprisonment — which we note is substantially less than the potential maximum of two life sentences and one thirty-year term — but past criminal conduct was not among them.
 

 ¶ 13. Johnson also alleges that his attorney was ineffective in failing to ensure that the circuit court considered a PSI report prior to sentencing; he asserts that no PSI report was ever considered by the circuit court because no report was ever produced. First, Johnson has offered little evidence beyond his own assertions.
 
 [3]
 
 The supreme court has stated that, in cases involving post-conviction relief, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.”
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995). Johnson’s allegations are also contradicted by the circuit court’s sentencing orders found in the record. Each recites that the circuit court had “requested and received” a PSI report for Johnson and that the court had “read and considered all the contents” of the report prior to sentencing. In its order dismissing Johnson’s motion for post-conviction relief, the circuit court also specifically stated that it had reviewed Johnson’s PSI report prior to pronouncing his sentence.
 

 ¶ 14. Furthermore, Johnson again fails to show what the PSI report would have stated or how it would have changed the result at sentencing; he simply asserts that it would have shown that he was a first-time offender. These arguments are without merit.
 

 3. Due Process at Sentencing
 

 ¶ 15. In his remaining issue, Johnson argues that the circuit court violated various constitutional rights by sentencing him without first reviewing a PSI report or allowing him to present witnesses at the sentencing hearing.
 

 ¶ 16. We find this issue procedurally barred because Johnson has failed to support this argument with citation to relevant authority in his brief on appeal.
 
 [4]
 
 We find an additional procedural bar because Johnson failed to take a direct appeal from his sentence. At the time that
 
 *22
 
 Johnson pleaded guilty, section 99-35-101 of the Mississippi Code Annotated (Rev. 2007.) denied appeal from the circuit court to the supreme court “in any case where the defendant enters a plea of guilty.”
 
 [5]
 
 However, this section was not interpreted to deny the defendant the right to appeal the sentence given as a result of that plea.
 
 See Trotter v. State,
 
 554 So.2d 313, 315 (Miss.1989) (“an appeal from a sentence imposed pursuant to a guilty plea is not equivalent to an appeal from the guilty plea itself’). “[T]he failure to raise sentencing issues on direct appeal bars consideration of the issues in post-conviction relief.”
 
 Dennis v. State,
 
 873 So.2d 1045, 1049 (¶ 13) (Miss.Ct.App.2004).
 

 ¶ 17. Without waiving the procedural bars, we also find Johnson’s argument without merit because, as we have said, Johnson has failed to demonstrate that the circuit court did not consider his PSI report or what his witnesses would have stated had they testified. Moreover, by failing to expressly offer the witnesses or object to the court’s statement that it did not wish to hear their statements, Johnson, “and not the judge, did the actual limiting.”
 
 Morris v. State,
 
 29 So.3d 98, 102 (¶ 11) (Miss.Ct.App.2010) (quoting
 
 Willie v. State,
 
 585 So.2d 660, 677 (Miss.1991) (overruled on other grounds)). This issue is procedurally barred and without merit.
 

 CONCLUSION
 

 ¶ 18. We reverse and remand this case to the circuit court for an evidentiary hearing to determine whether Johnson was properly informed of the statutory minimum sentence provided by Mississippi Code Annotated section 97 — 3—65(l)(b). Johnson’s remaining allegations are without merit.
 

 ¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
 

 KING, C.J., LEE, P.J., GRIFFIS, BARNES, ISHEE AND MAXWELL, JJ„ CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT. IRVING AND CARLTON, JJ., NOT PARTICIPATING.
 

 [1]
 

 . We use a pseudonym to protect the identity of the minor victim of sexual assault.
 

 [2]
 

 . At the plea hearing, Johnson acknowledged that he was thirty years of age at the time he first impregnated Jane, his wife's daughter. Jane gave birth to a child at twelve years of age. According to the prosecutor, DNA testing of the child had established that Johnson is its father. When Jane was fifteen years of age, Johnson again impregnated her. That pregnancy was terminated by abortion, but DNA testing confirmed that Johnson had fathered the second child as well. The prosecutor stated that during the three-year relationship, Johnson had sexual intercourse with Jane approximately fifty times and that at some point he had given her an "engagement ring.”
 

 [3]
 

 . Johnson asserts in his motion for post-conviction relief that he or his attorney had been unable to obtain a copy of the report from the Hinds County Probation and Parole Office. Johnson also attached a letter from his post-conviction counsel to the director of the probation office. The letter requested a copy of Johnson’s PSI report and recited that some effort had already been made to locate it. The record contains no response to the letter; Johnson asserts in his motion that no response was made. However, the record contains no affidavits or other evidence verifying this assertion or documenting or detailing what efforts were made to obtain the report. In his brief on appeal, Johnson represents that he has since “confirmed” that no PSI report was ever produced, but this claim is unsubstantiated. Moreover, an appellate court “[cannot] decide an issue based on assertions in the briefs alone; rather, issues must be proven by the record.”
 
 Jones v. State,
 
 776 So.2d 643, 649 (¶ 17) (Miss.2000) (quoting
 
 Medina v. State,
 
 688 So.2d 727, 732 (Miss.1996)).
 

 [4]
 

 . Johnson asserts violations of his rights protected by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Article 3, sections 14, 26, and 28 of the Mississippi Constitution. Other than the United States and Mississippi constitutions, on the merits of this issue Johnson cites only to
 
 Skipper v. South Carolina,
 
 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986), without a pinpoint citation, and
 
 Eddings v. Oklahoma,
 
 455 U.S. 104, 114, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). Both of these decisions were addressed to sentencing in capital cases only.
 

 [5]
 

 . Section 99-35-101 of the Mississippi Code Annotated has been amended, effective July 1, 2008, to provide that "where [a] defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.” Miss.Code Ann. § 99-35-101 (Supp.2009).