IN THE SUPREME COURT OF MISSISSIPPI

NO. 2008-CT-01349-SCT

*THURMAN KIRKWOOD A/K/A MICKEY*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 01/29/2008 |
| TRIAL JUDGE: | HON. CHARLES E. WEBSTER |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ALLAN D. SHACKELFORD |
| | OFFICE OF INDIGENT APPEALS |
| | BY: JUSTIN TAYLOR COOK |
| | LESLIE S. LEE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | LAURENCE Y. MELLEN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 01/20/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1. Thurman Kirkwood was found guilty by a Coahoma County jury of burglary of a dwelling, grand larceny, felony fleeing, and possession of a firearm by a convicted felon. The trial judge adjudicated Kirkwood an habitual offender as defined by Mississippi Code Section 99-19-81 (Rev. 2007) and sentenced him to the maximum imprisonment on each charge. The burglary, felony fleeing, and possession sentences were ordered to run

consecutively to each other, and the grand larceny sentence was ordered to run concurrently with the other three sentences.[1] On appeal, the Court of Appeals affirmed Kirkwood's convictions and sentences. *Kirkwood v. State*, 2010 WL 432254 (Miss. Ct. App. Feb. 9, 2010). We granted Kirkwood's petition for writ of certiorari to address whether the trial court erred by refusing a circumstantial evidence instruction on the house burglary and grand larceny charges. Because all the evidence of guilt of these two crimes was circumstantial, Kirkwood was entitled to a circumstantial evidence instruction; therefore, we reverse the convictions of burglary of a dwelling and grand larceny and remand the case for further proceedings in the trial court.

**Facts**

¶2.     On October 11, 2007, Roy Banks of Clarksdale, Mississippi, awoke to find that his 1991 blue and grey GMC Safari van was missing. Banks's wife called the Clarksdale Police Department to report that the van had been stolen.

¶3.     That morning, Thurman Kirkwood appeared at W.C. Smith's trailer in Friar's Point, Mississippi. At trial, Smith testified that Kirkwood was driving a van, and identified Banks's van as the one Kirkwood had been driving. According to Smith, Kirkwood was looking for work. Smith told Kirkwood that he was going to Memphis, but would be back later that day, and gave Kirkwood ten dollars. Smith testified that while he was in Memphis, he received a telephone call from Kirkwood inquiring about Smith's whereabouts.

---

[1]The Court of Appeals mistakenly said that all four sentences were ordered to run concurrently. *Kirkwood v. State*, 2010 WL 432254, ¶ 1 (Miss. Ct. App. Feb. 9, 2010).

¶4. When Smith returned to his trailer that evening, he found that an outer door was broken, and that four rifles, a briefcase, and two radio scanners were missing. Smith immediately reported the burglary of his home to local police.

¶5. Meanwhile, Officer Steven Poer of the Clarksdale Police Department spotted Kirkwood driving the stolen van. Poer testified that he could see the driver's face as they passed each other on the road. After verifying that the van was the same vehicle that had been reported missing by Banks's wife, Poer attempted to stop the van by turning on his blue lights and siren. When the driver failed to stop, a high-speed chase began. Eventually, the van came to a stop, and Poer testified that he saw Kirkwood exit the stolen vehicle and run. Inside the van were the four rifles, the briefcase, and one of the radio scanners that Smith had reported missing from his trailer. Shortly thereafter, Kirkwood was apprehended in a nearby field.

¶6. Poer testified that one other person was in the vehicle. The passenger was a deaf and mute woman, who was unable to communicate with law enforcement officials. She was taken to the police station and eventually was released. At the time of trial, she could not be found.

¶7. Kirkwood testified in his own defense, claiming that he had nothing to do with stealing the van or burglarizing Smith's trailer. According to his version of events, he had driven the van to Smith's trailer to purchase crack cocaine. He was accompanied by three other individuals: Earnest Woods, Larry Mixon, and a woman named Blair. According to Kirkwood, his companions had been in possession of the stolen van for about a week. After

he and his friends used the drugs, he claimed, they returned to Smith's trailer to buy more. When Smith was not there, Kirkwood called Smith to find out when he would return. Kirkwood testified that Woods and Mixon became impatient, and they decided to break into Smith's trailer to steal the drugs. Kirkwood contended that he had warned them not to go into the trailer, and when they proceeded against his advice, Kirkwood walked away. He testified that his friends picked him up later "down the street." According to Kirkwood, he saw a blanket covering some unidentified items in the van, but he did not know what was under the blanket.[2] The foursome then went to Woods's house to smoke more crack cocaine.

¶8.    At some point, Mixon left the group, and Kirkwood testified that he, Woods, and Blair were riding around in the van when Officer Poer attempted to stop them.[3] Kirkwood said that Woods was driving the van but managed to escape, on foot, from the police officers. According to Kirkwood, he had run because he was paranoid and high and wanted to get rid of the drugs and the crack pipe he had in his possession.

¶9.    During the jury instruction conference, Kirkwood requested a circumstantial evidence instruction regarding the charges of grand larceny, burglary of a dwelling, and possession of a firearm by a convicted felon. The trial judge denied the instruction, reasoning that there was direct evidence to prove all the charges. Kirkwood raised the denial of a circumstantial

---

[2]Contrary to the Court of Appeals's opinion, Kirkwood did not testify that "[h]e saw his friends exit the trailer 'with a blanket with something in it.'" **Kirkwood**, 2010 WL 432254 at ¶ 7.

[3]The Court of Appeals mistakenly said that Kirkwood testified that there were three other people in the van. **Kirkwood**, 2010 WL 432254 at ¶¶ 7, 42.

evidence instruction, as it related to the burglary and grand larceny charges, as a point of error in his appeal. The Court of Appeals held that the trial judge did not err in denying the instruction, as there was direct proof of the crimes.

**Discussion**

¶10.  "Where all the evidence tending to prove the guilt of the defendant is circumstantial, the trial court must grant a jury instruction that every reasonable hypothesis other than that of guilt must be excluded in order to convict." *Manning v. State*, 735 So. 2d 323, 338 (Miss. 1999) (quoting *Givens v. State*, 618 So. 2d 1313, 1318 (Miss. 1993)).  "Circumstantial evidence is evidence which, without going directly to prove the existence of a fact, gives rise to a logical inference that such a fact does exist." *Alexander v. State*, 749 So. 2d 1031, 1036 (Miss. 1999) (quoting *Keys v. State*, 478 So. 2d 266, 268 (Miss. 1985)).  While evidence does not always fall neatly into one category, examples of direct evidence include an admission or confession by the defendant to "a significant element of the offense," or eyewitness testimony "to the gravamen of the offense charged." *Mack v. State*, 481 So. 2d 793, 795 (Miss. 1985) (citations omitted).

¶11.  The Court of Appeals found that there was direct evidence of burglary of a dwelling and grand larceny based on Kirkwood's testimony, Poer's testimony that he had seen Kirkwood driving the van, and the evidence that Smith's stolen property was found inside the van. *Kirkwood*, 2010 WL 432254 at ¶ 42. We disagree that any of this constitutes direct evidence of Kirkwood's guilt of the house burglary and grand larceny charges.  Nothing in Kirkwood's testimony amounted to an admission of guilt to an essential element of either

5

crime, and the State did not produce any eyewitness to either of those crimes. *Mack v. State*, 481 So. 2d 793, 795 (Miss. 1985).

¶12.    The elements of burglary of a dwelling are "(1) the unlawful breaking and entering[of a dwelling]; and (2) the intent to commit some crime when entry is attained." *Parker v. State*, 962 So. 2d 25, 27 (Miss. 2007) (quoting *Edwards v. State,* 800 So. 2d 454, 463-64 (Miss. 2001)).[4] *See* Miss. Code Ann. § 97-17-23 (Rev. 2006).  According to Kirkwood, he did not participate in the burglary in any way, and he tried to convince his friends not to break into Smith's trailer.  Although most of the stolen items from the trailer were found in the van that Kirkwood and at least one other person occupied, there simply is no direct evidence that he committed or took part in the breaking and entering or that he intended to steal anything after breaking into and entering Smith's trailer.

¶13.    The crime of grand larceny is "taking and carrying away, feloniously, the personal property of another, of the value of Five Hundred Dollars ($500.00) or more."  Miss. Code Ann. § 97-17-41(1) (Rev. 2006).  As with the burglary charge, there was no direct evidence that Kirkwood stole Banks's van.  That Officer Poer saw Kirkwood driving the van does not constitute direct evidence that Kirkwood feloniously took or "carr[ied] away" the van.  Miss. Code Ann. § 97-17-41(1).  Without any direct evidence of either crime, Kirkwood was

---

[4]Mississippi Code Section 97-17-23(1) (Rev. 2006) defines burglary of a dwelling as "breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein."

entitled to a circumstantial evidence instruction, and the trial court erred by refusing to instruct the jury properly.

## Conclusion

¶14.    We affirm the judgment and sentences rendered by the Coahoma County Circuit Court in Count II, felony fleeing, and Count III, possession of a firearm by a convicted felon. Because we find that there was no direct evidence that Kirkwood committed the crimes of burglary of a dwelling or grand larceny, we reverse the judgments of the Court of Appeals and the circuit court as to Count I, burglary of a dwelling, and Count IV, grand larceny. Kirkwood's convictions on Counts I and IV are hereby reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

¶15.    **THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. COUNT I: CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF TWENTY-FIVE (25) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, REVERSED AND REMANDED. COUNT II: CONVICTION OF FELONY FLEEING AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT III: CONVICTION OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF TEN (10) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.  SENTENCES IN COUNTS II AND III SHALL NOT BE REDUCED OR SUSPENDED NOR SHALL APPELLANT BE ELIGIBLE FOR PAROLE OR PROBATION DURING THE TERM OF SAID SENTENCES.   SENTENCES IN COUNTS II AND III SHALL RUN CONSECUTIVELY. COUNT IV: CONVICTION OF GRAND LARCENY AND SENTENCE OF TEN (10) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, REVERSED AND REMANDED.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, LAMAR, CHANDLER AND PIERCE, JJ., CONCUR.**

7