# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-KA-00899-SCT

*COREY THOMPSON a/k/a COREY T. THOMPSON*
*a/k/a COREY M. THOMPSON a/k/a COREY*
*TERRELL THOMPSON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/19/2012 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY, JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN T. COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | RICHARD EARL SMITH, JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 06/20/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., LAMAR AND PIERCE, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.    Corey Thompson was convicted on two counts of armed robbery. The Circuit Court of Warren County, Honorable M. James Chaney, Jr., presiding, sentenced Thompson to two concurrent terms of twenty years, with eight years suspended and twelve years to serve. Thompson also was ordered to pay a fine of $5,000 and court costs. Thompson now appeals his conviction. Finding no error, we affirm.

## ISSUES

**I.** **Whether the trial court violated Thompson's right to assert his theory of the case when it failed to give the jury a self-defense instruction.**

**II.** **Whether Thompson's trial counsel proved ineffective by not requesting a circumstantial-evidence jury instruction.**

## FACTS

¶2. On the evening of May 1, 2011, gunshots were exchanged between Corey Thompson and Jermaine Wright at the Confederate Ridge Apartments in Vicksburg. The facts surrounding the altercation were contested at trial. The State's theory of the case was that Jermaine Wright and Patrick Tucker were victims of an attempted armed robbery by two masked men—Corey Thompson and his accomplice Maurice Morris. Wright fired his own pistol at the men in self-defense until the aggressors retreated. Both Thompson and Morris were shot during the incident. Thompson was treated for his gunshot wounds at River Region Medical Center, while Morris died at the scene of the crime. On the other hand, Thompson claims that, although he was armed, he carried his weapon only for protection and had no intention to rob or harm anyone that evening. Thompson testified that Wright was the actual aggressor, and Thompson returned fire only in self defense. Although Morris was found dead at the scene wearing a mask, Thompson denies that he or Morris was wearing a mask during the incident.

## DISCUSSION

**I.** **Whether the trial court violated Thompson's right to assert his theory of the case when it failed to give the jury a self-defense instruction.**

2

¶3.     It is well-settled that jury instructions are within the discretion of the trial court, and the standard of review for the denial of jury instructions is abuse of discretion. *Newell v. State*, 49 So. 3d 66, 73 (Miss. 2010) (citations omitted).

¶4.     Thompson claims the trial court denied his right to assert his theory of defense when it refused his proposed self-defense jury instruction.[1]  A self-defense instruction is not applicable to a charge of robbery. *See Johnson v. State*, 29 So. 3d 738, 746 (Miss. 2009). Therefore, the trial court's refusal of the self-defense jury instruction in this case was not error.

## II.     Whether Thompson's trial counsel proved ineffective by not requesting a circumstantial-evidence jury instruction.

¶5.     In order to prevail on a claim for ineffective assistance of counsel, Thompson must show: "(1) that his counsel's performance was deficient, and (2) that this alleged deficiency prejudiced his defense." *Goff v. State*, 14 So. 3d 625, 655 (Miss. 2009) (citations omitted). Thompson is "faced with a rebuttable presumption that trial counsel is competent and his performance was not deficient. *Id.*  "Additionally, [Thompson] must show that there is a reasonable probability that, but for the errors of his counsel, the judgment would have been

---

[1]Thompson asked the trial court to instruct the jury that:

It is not incumbent upon an accused to prove that he acted in necessary self-defense, but to the contrary the burden is upon the State to prove beyond a reasonable doubt that at the time of the incident complained of in the indictment he did not act in necessary self-defense, and if there is a reasonable doubt there as to it is your duty to return a verdict of not guilty.

different." ***Id.*** This Court makes its determination of whether the trial counsel's performance was ineffective based on the totality of the circumstances. ***Id.***

¶6.     Thompson asserts that no direct evidence exists to link him to the crime and that the State's theory is based solely on circumstantial evidence. Therefore, he argues that he was entitled to a circumstantial-evidence jury instruction and his counsel was ineffective for failing to request one from the court. In ***Kirkwood v. State***, 52 So. 3d 1184, 1187 (Miss. 2011), this Court explained that direct evidence includes "an admission or confession by the defendant to 'a significant element of the offense,' or eyewitness testimony 'to the gravamen of the offense charged.'" The Court also found in ***Kirkwood*** that, because there was no direct evidence of a crime, the defendant was entitled to a circumstantial-evidence instruction. ***Id.***

¶7.     Thompson argues that the testimony of Wright and Tucker suggests only that a crime was committed–not that Thompson was the one who committed it. However, Thompson admitted at trial that he was involved in the shootout and that he was shot during the incident. Therefore, Thompson corroborated part of Wright's and Tucker's stories and admitted to one element of armed robbery (displaying a deadly weapon). In this case, both direct and circumstantial evidence linked Thompson to the crime; therefore, he was not entitled to a circumstantial-jury instruction, and his counsel was not deficient for failing to request one. This assignment of error is without merit.

## CONCLUSION

¶8.     Self-defense is not a defense to a charge of armed robbery; therefore, the trial court did not err in refusing Thompson's proposed self-defense jury instruction. Furthermore, because direct evidence was presented linking Thompson to the crime, he was not entitled

4

to a circumstantial-evidence jury instruction, and his counsel was not ineffective for failing to request such an instruction. We therefore affirm the trial court's denial of the proposed self-defense jury instruction and find that Thompson's counsel was not ineffective for failing to request a circumstantial-evidence jury instruction.

¶9.   **COUNT I: CONVICTION OF ATTEMPTED ARMED ROBBERY AND SENTENCE OF TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH EIGHT (8) YEARS SUSPENDED, TWELVE (12) YEARS TO SERVE, AND FIVE (5) YEARS POST RELEASE SUPERVISION, AFFIRMED.   COUNT II: CONVICTION OF ATTEMPTED ARMED ROBBERY AND SENTENCE OF TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH EIGHT (8) YEARS SUSPENDED, TWELVE (12) YEARS TO SERVE, AND FIVE (5) YEARS POST RELEASE SUPERVISION, AFFIRMED. COUNTS I AND II ARE TO RUN CONCURRENTLY TO ONE ANOTHER.  APPELLANT SHALL ALSO PAY A $5,000.00 FINE WITH $2,500.00 SUSPENDED, $156.00 COURT COSTS AND $166.50 STATE ASSESSMENTS.**

**RANDOLPH, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.  DICKINSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**