ISHEE, J.,
for the Court:
¶ 1. In May 2008, John Willie Bell was convicted in the Madison County Circuit Court of burglary of a dwelling and sentenced as a habitual offender to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC) without eligibility for parole or probation. Pri- or to jury deliberations, Bell filed a motion for a directed verdict, which was denied. Shortly after the trial, Bell filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a motion for *77 a new trial. The motion remained pending until June 2011, when appellate counsel was retained and a hearing on the motion was set. In July 2011, the circuit court denied Bell’s motion. Bell’s appellate counsel timely filed an appeal, claiming the circuit court erred in denying Bell’s motion for a directed verdict and his motion for a JNOV or, in the alternative, a new trial. Finding no error, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. On March 26, 2005, Courtney Turner was in the shower at her boyfriend’s apartment in Ridgeland, Mississippi, when she heard movement outside of the bathroom door. Upon opening the door, she saw a man holding her wallet. The man lifted his hands, dropped the wallet, and said: “The door was open.” Turner pushed the man toward the front door, unlocked the front door, and pushed the man out of the door. Turner later noticed that one of the windows in the apartment was open, and the blinds had been pulled off of the wall and were lying on the apartment floor. She also discovered that cheeks and cash were missing from her purse.
¶ 3. Turner quickly called the Ridgeland Police Department to report the burglary. She gave a description of the culprit to the responding police officer. Turner stated the burglar was a short male, approximately eighteen years old, had gold teeth, and wore a white t-shirt with black pants. Several days later, Turner was called into the police department and shown a photographic lineup with six pictures. Bell’s picture was in the lineup, and Turner identified Bell as the burglar. An indictment was issued for Bell on the charge of burglary of a dwelling. He was then arrested at his sister’s apartment, which is in the same apartment complex where the burglary had occurred.
¶ 4. After pleading not guilty, a jury trial took place in May 2008. Turner testified on behalf of the State and made an in-court identification of Bell as the man she saw in her boyfriend’s apartment attempting to steal her wallet. Bell declined to take the stand, and his defense counsel presented no evidence in his case-in-chief. After his motion for a directed verdict was denied, the jury deliberated and found Bell guilty of burglary of a dwelling.
¶ 5. Bell had been convicted of shoplifting and sale of cocaine. Due to his prior convictions, the State moved to amend the indictment to reflect Bell’s status as a habitual offender. The circuit court complied, and Bell was sentenced as a habitual offender to twenty-five years in the custody of the MDOC without eligibility for parole or probation. Bell’s defense counsel quickly filed a motion for a JNOV or, in the alternative, a motion for a new trial. The circuit court neglected to rule on the motion until Bell retained appellate counsel in June 2011. At that time, a hearing on the motion took place and the circuit court denied the motion in its entirety. Bell’s appellate counsel then timely filed a notice of appeal claiming the circuit court erred in its denial of Bell’s motion for a directed verdict and his motion for a JNOV or, in the alternative, a new trial.
DISCUSSION
¶ 6. A motion for a directed verdict and a motion for a JNOV both challenge the sufficiency of the evidence. Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005). The Mississippi Supreme Court has noted that in considering the denial of motions for a directed verdict and a JNOV, “the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact *78 could have found the essential elements of the crime beyond a reasonable doubt.” Id. (quoting Jackson v. Virginia, 448 U.S. 307, 815, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
¶ 7. Hence, the underlying question is whether any rational trier of fact could have found, beyond a reasonable doubt, that Bell was guilty of burglarizing the dwelling in question. Mississippi Code Annotated section 97-17-23(1) (Supp.2012) governs burglary and states:
Every person who shall be convicted of breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein, shall be punished by commitment to the custody of the Department of Corrections for not less than three (3) years nor more than twenty-five (25) years.
In sum, the elements of burglary of a dwelling are: “(1) the unlawful breaking and entering of a dwelling; and (2) the intent to commit some crime when entry is attained.” Kirkwood v. State, 52 So.3d 1184, 1187 (¶ 12) (Miss.2011) (citations omitted).
¶ 8. The circuit court noted in its order that the evidence showed that at the time Turner discovered the burglar in the apartment, the front door of the apartment was locked, and there was evidence of forced entry through the apartment’s window. Turner confirmed both of these facts to the responding police officers and testified to the same at the trial. Furthermore, Turner witnessed Bell with her wallet in his hands, and later discovered checks and cash were missing from her purse. Turner’s testimony alone provides ample evidence from which any rational juror could have found beyond a reasonable doubt that Bell was guilty of burglarizing the dwelling in question.
¶ 9. Nonetheless, Bell argues that his identity as the burglar was not proven beyond a reasonable doubt. He claims that because he was thirty-six years old at the time of the burglary, and Turner described the culprit as being approximately eighteen years old, he was misidentified. However, Turner had sufficient time in the apartment with Bell to properly identify him to the authorities and to later recognize him as the culprit. When Bell was arrested, he had the same gold teeth Turner had noted in her description of Bell to the authorities, and he was found at his sister’s apartment, which was located in the same apartment complex where the burglary occurred. We find there was sufficient evidence presented for a rational trier of fact to have found beyond a reasonable doubt that Bell was the burglar. These issues are meritless.
¶ 10. Finally, Bell asserts that the circuit court erred in denying his alternate request for a new trial. “[A] motion for a new trial challenges the weight of the evidence.” Vaughn v. State, 926 So.2d 269, 271 (¶ 4) (Miss.Ct.App.2006) (citing Hawthorne v. State, 835 So.2d 14, 22 (¶ 32) (Miss.2003)). “When reviewing a denial of a motion for a new trial, this Court ‘will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.’ ” Id. (quoting Bush, 895 So.2d at 844 (¶ 18)).
¶ 11. As discussed previously, Turner positively identified Bell as the burglar through a photographic lineup shortly after the burglary and again through an in-court identification at trial. Evidence was also presented to the jury that when Bell was arrested, he was at his sister’s apartment, which was located in the same apart *79 ment complex where the burglary took place. Furthermore, he was arrested having the same gold teeth that Turner had described in her initial description to responding officers. This evidence negates the notion that the verdict was contrary to the overwhelming weight of the evidence. This issue is without merit.
¶ 12. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE AS A HABITUAL OFFENDER OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.