873 So.2d 1045 (2004)
Christopher Joe DENNIS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-02113-COA.
Court of Appeals of Mississippi.
May 18, 2004.
*1046 Christopher Joe Dennis, pro se.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
EN BANC.
*1047 GRIFFIS, J., for the Court.
¶ 1. Christopher Joe Dennis pled guilty to one count of aggravated assault, three counts of burglary, and two counts of second degree arson. He was sentenced to serve a total of fifty years in the custody of the Mississippi Department of Corrections, with thirty-five years suspended, and five years' probation. Dennis petitioned the trial court for post-conviction relief, which was denied. We find no error and affirm.
¶ 2. Although Dennis assigns fourteen errors, we are of the opinion that the allegations of error may be reduced to six issues.

ANALYSIS
I. Involuntary Plea,
¶ 3. Dennis claims that his plea was involuntary. A plea is considered "voluntary and intelligent" if the defendant is advised about the nature of the charge and the consequences of the entry of the plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). The defendant must be instructed that a guilty plea waives his or her rights to a jury trial, to confront adverse witnesses, and to protection against self-incrimination. Id.
¶ 4. Dennis bears the burden of proving, by a preponderance of the evidence, that he is entitled to post-conviction relief. McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989). "Once the trial judge has determined at a preliminary hearing that a confession is admissible, the defendant/appellant has a heavy burden in attempting to reverse that decision on appeal." Sills v. State, 634 So.2d 124, 126 (Miss.1994) (quoting Frost v. State, 483 So.2d 1345, 1350 (Miss.1986)). "Such findings are treated as findings of fact made by a trial judge sitting without a jury as in any other context. As long as the trial judge applied the correct legal standards, his decision will not be reversed on appeal unless it is manifestly in error, or is contrary to the overwhelming weight of the evidence." Foster v. State, 639 So.2d 1263, 1281 (Miss.1994).
¶ 5. First, Dennis claims that his plea was involuntary because he was never advised of his right against self-incrimination. Dennis' plea petition contradicts this claim. The petition, signed by Dennis, clearly enumerated the rights that he would be guaranteed if he pled not guilty; the right against self-incrimination was included. In his plea transcript, the trial judge conducted a "face-to-face exchange in open court" with Dennis, to determine whether Dennis understood his rights. See Nelson v. State, 626 So.2d 121, 126 (Miss.1993) (holding the judge must conduct a face-to-face exchange in order to determine whether the accused knows and understands the rights to which he is entitled). The trial judge specifically explained that Dennis had the right to a jury trial, the right to call witnesses, and the right to testify or not testify on his behalf. The trial judge further explained that, if he chose not to testify, the jury would be informed that Dennis had the right to remain silent. Dennis acknowledged that he understood each of these rights. Accordingly, the plea petition and the transcript from the court's acceptance of his plea contradict Dennis' claim that he was not advised of his right against self-incrimination.
¶ 6. Second, Dennis asserts that he was not informed of the maximum and minimum penalties that he could face. Although the trial judge did not verbally state the maximum and minimum penalties during Dennis' plea hearing, Dennis' guilty plea petition recited the maximum and minimum sentences for burglary and arson, and the maximum sentence for aggravated assault. In Thompson v. State, 724 *1048 So.2d 1070, 1073-74 (¶14) (Miss.Ct.App. 1998), we held that:
failure by a trial court specifically to inform a defendant of the maximum and minimum sentences may be harmless if the defendant was correctly informed by another source of or "if appears beyond a reasonable doubt that the plea would have been entered anyway...." State v. Pittman, 671 So.2d 62, 64 (Miss.1996). If a trial court fails to advise a defendant of a minimum sentence, the defendant must establish that he was misinformed and "that the case was misrepresented or the defendant expected to receive a lesser sentence." Courtney v. State, 704 So.2d 1352, 1358 (Miss.Ct.App.1997).
¶ 7. Since Dennis was informed in his plea petition of the maximum and minimum sentences for burglary and arson, the trial judge's failure to verbally state the possible sentencing range during the plea hearing was harmless. Thompson, 724 So.2d at 1073 (¶14). As to his claim that he was not advised of the minimum sentence for aggravated assault, Dennis has failed to establish that he was misinformed or that he expected to receive a lesser sentence due to the trial judge's failure to inform him of the minimum sentence range.
¶ 8. Moreover, the supreme court has held that "[w]here the statute specifies no minimum number of years of imprisonment, the judge is not obliged to inform the defendant that no minimum sentence is provided, or that the minimum penalty he faces is `zero.'" Bevill v. State, 669 So.2d 14, 18-19 (Miss.1996). A person convicted of aggravated assault is subject to serve "imprisonment in the county jail for not more than one (1) year or in the penitentiary for not more than twenty (20) years." Miss.Code Ann. § 97-3-7(2) (Rev.2000). Since this statute sets no minimum penalty, the trial judge was not obligated to inform Dennis of the minimum sentence for aggravated assault.
¶ 9. Third, Dennis claims that the trial judge erred by accepting a plea from him without arraignment on the charges for aggravated assault and burglary of a non-residence. Mississippi courts have consistently held that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial. Anderson v. State, 577 So.2d 390, 391 (Miss.1991); Ellzey v. State, 196 So.2d 889, 892 (Miss.1967). By pleading guilty, Dennis waived his right to raise this challenge. Notwithstanding this waiver, Dennis filed a written waiver of indictment and consented that the proceeding may be by information.
¶ 10. Finally, Dennis claims that he never pled guilty to the charge of aggravated assault. The record does not support this claim. During the plea hearing, Dennis' counsel confirmed that the criminal information on the aggravated assault charge was one of the charges to which Dennis was pleading guilty. The prosecution articulated the facts of each charge for the record, including the facts of the aggravated assault charge. The trial judge asked Dennis if he was pleading to "all of the matters" and later read a sentence for each of the charges, including aggravated assault.
¶ 11. Based on our review of the record, Brown entered a guilty plea to all of the charges in a manner that was knowing, voluntary, and intelligent. Therefore, Dennis' claim that his plea was involuntary is without merit.
II. Sentencing
¶ 12. Dennis contends that the trial judge sentenced him to a longer sentence than allowed by law for each of his three convictions. Dennis also asserts that the *1049 judge erred in imposing one sentence for two separate crimes in each of his multi-count indictments.
¶ 13. Our supreme court has ruled that a defendant who has pled guilty may take a direct appeal from an aggrieved sentence. Trotter v. State, 554 So.2d 313, 315 (Miss.1989). This Court has further held that the failure to raise sentencing issues on direct appeal bars consideration of the issues in post-conviction relief. Swindle v. State, No.2001-CP-01668-COA (¶9), ___ So.2d ___, 2003 WL 22708166 (Nov. 18, 2003). Dennis' challenge to his sentence existed immediately after the sentencing hearing and was an appropriate issue for a direct appeal. Dennis' failure to raise these issues on direct appeal precludes consideration in post-conviction relief proceedings. Id.
¶ 14. Nonetheless, our review of Dennis' sentence reveals that no portion was in excess of the statutory maximum.
III. Ineffective Assistance of Counsel
¶ 15. Dennis claims that he received ineffective assistance of counsel. To support this claim, Dennis argues that his counsel presented him a blank plea petition to sign and stated that it was just a form stating he was willing to take a plea. He contends that the plea petition was filled out after he signed it, without his knowledge, and it was presented to the court as his petition to enter a plea of guilty. In addition, Dennis claims that his counsel promised him that if he pled guilty he would receive a sentence of fifteen years. But for his expectation of a fifteen year sentence, Dennis claims that he would not have pled guilty.
¶ 16. Dennis failed to raise the issue of ineffective assistance of counsel and the supporting allegations in his motion for post-conviction relief before the circuit court. This Court will not address issues initially on appeal. Von Brock v. State, 794 So.2d 279, 281 (¶6) (Miss.Ct.App. 2001). The appropriate time to raise an ineffective assistance of counsel claim was on appeal to the circuit court in his petition for post-conviction relief. Accordingly, Dennis has waived his right to raise this issue.
¶ 17. The claim of ineffective assistance of counsel would also fail on its merits. To establish an ineffective assistance of counsel claim, Dennis must show (1) a deficiency of his counsel's performance that was (2) sufficient to constitute prejudice to his defense. Swift v. State, 815 So.2d 1230 (¶17) (Miss.Ct.App.2001).
¶ 18. Mississippi Code Annotated Section 99-39-9 (Rev.2000) provides that motions for post-conviction relief should contain affidavits which include facts and state how or by whom these facts will be proven. Laushaw v. State, 791 So.2d 854 (¶14) (Miss.Ct.App.2001). Dennis failed to provide affidavits or other evidence that states the facts and evidence to support his allegations.
¶ 19. At the plea hearing, Dennis told the trial judge, under oath, that he was satisfied with his attorney's representation. This Court places great weight upon the sworn testimony of a defendant given during a plea hearing and requires something more than mere assertions to disregard that testimony. Calvert v. State, 726 So.2d 228 (¶11) (Miss.Ct.App.1998).
¶ 20. Because no evidence has been presented to this Court to support Dennis' allegation of ineffective assistance of counsel, we find no merit in this issue.
IV. Sentence Recommendation
¶ 21. Dennis claims that a sentence recommendation was made in violation of his plea agreement, which indicated that his *1050 plea was to be made without a recommendation from the prosecutor. He points to two different areas in the record to support this contention.
¶ 22. First, Dennis notes that the court stated, "[a]ccording to the recommendation of the State of Mississippi will be the sentence in these matters, and will adopt the same as an Order." In making this statement, the trial judge was referring to the other defendant represented by the same counsel who was also pleading guilty at the same time. Therefore, this comment by the trial judge was not referring to Dennis and does not support Dennis' claim.
¶ 23. Second, Dennis claims that the prosecutor made a sentence recommendation in violation of the plea agreement and that because of this, his plea is void. We quote the relevant exchange from the record:
MR. PARISH: This one right here in the orange. He's 18 years of age. On Christopher J. Dennis, on all of these charges, he wishes to withdraw his former pleas of not guilty and also enter a plea of guilty to the criminal information. The agreement with the District Attorney's office in these cases, Your Honor, is that we will request that a pre-sentence investigation be made by the Mississippi Department of Corrections, submitted to the Court, and that the Court will consider that in imposing whatever sentence that you deem appropriate. And they will not make a recommendation other than what's contained in the Department of Corrections report. That's to Mr. Dennis.
MR. STRICKLAND: Your Honor, we've made a recommendation that the total consisted of about twenty years to serve
MR. PARISH: Please don't get into that.
MR. STRICKLAND: We couldn't reach an agreement then. But he wants to plead guilty in the blind subject to a recommendation of the Department of corrections. But we didn't have an agreement in this case, other than if he wanted to plead, he could. And then let the court make its decision based on the recommendation of the Department of Corrections after the pre-sentence investigation.
MR. PARRISH: That's correct.
¶ 24. A review of the entire exchange reveals that the prosecution's mention of a recommendation was made in the context of explaining that no plea agreement had been reached and that Dennis' plea would be open.
¶ 25. Next, Dennis complains that the trial judge erred in allowing the Mississippi Department of Corrections official to state a sentence recommendation. Dennis contends that the trial judge violated the Code of Judicial Conduct by allowing the Mississippi Department of Corrections official to give his pre-sentence report because the official was "advancing his private interests."
¶ 26. Dennis argues that Uniform Circuit and County Court Rule 11.02 prohibited the official from giving a recommendation. The rule provides:
Upon acceptance of a plea of guilty, or upon a finding of guilt, and where the court has discretion as to the sentence to be imposed, the court may direct that a presentence investigation and report be made.
The report of the presentence investigation may contain, but is not limited to, the following information:
1. A description of the offense and the circumstances surrounding it, not limited to aspects developed for the *1051 record as part of the determination of guilt;
2. Any prior criminal convictions of the defendant, or juvenile adjudications of delinquency;
3. The defendant's financial condition;
4. The defendant's educational background;
5. A description of the employment background of the offender, including any military record and including present employment status and capabilities;
6. The social history of the defendant, including family relationships, marital status and residence history;
7. Information about environments to which the offender might return or to which the offender could be sent should probation be granted;
8. Information about special resources which might be available to assist the defendant such as treatment centers, rehabilitative programs or vocational training centers; and
9. A physical and mental examination of the defendant if it is ordered by the court.
(emphasis added).
¶ 27. Although the rule lists several items that may be included in a pre-sentence report, it does not prohibit a recommendation as Dennis claims. Moreover, Dennis agreed that his sentence would be based on the recommendation of the Department of Corrections after a pre-sentence investigation. Indeed, there is nothing in the record to support the claim that the Mississippi Department of Corrections' official was "advancing his private interest."
¶ 28. Dennis' claim that the trial judge accepted sentence recommendations in violation of the plea agreement is without merit.
V. Hearing Procedure
¶ 29. Dennis contends the court erred in accepting pleas from Dennis and another defendant, who was represented by like counsel, during the same plea hearing. However, Dennis failed to raise this complaint in his motion for post-conviction relief before the circuit court. Consequently, this issue is procedurally barred and will not be considered for the first time on appeal. Coleman v. State, 772 So.2d 1101, 1103(¶8) (Miss.Ct.App.2000).
VI. Post-Arrest Statement
¶ 30. Dennis contends that his post-arrest statement was unlawfully obtained. He asserts that the arresting officers coerced the statement since he was seventeen years old at the time of his arrest and no parental guardian was present.
¶ 31. A "valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." Anderson v. State, 577 So.2d 390, 391 (Miss.1991). Dennis, by pleading guilty, has waived this claim. This assignment of error is without merit.
¶ 32. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO JONES COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.