MAXWELL, J.,
for the Court:
¶ 1. Jeffrey Dale Chapell filed a motion for post-conviction relief (PCR) to challenge his sentence. Chapell had pled guilty to three counts of sexual battery of a child and two counts of fondling a child and was sentenced to three concurrent twenty-five-year terms in prison, followed by two concurrent fifteen-year terms of post-release supervision. In his PCR motion he argued the sentencing court: (1) lacked jurisdiction to impose his sentence; (2) imposed a grossly disproportional sentence, in violation of his Eighth Amendment rights; and (3) failed to credit him time served under house arrest while out on bond. The circuit court dismissed his PCR motion without a hearing. On appeal, we find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In 2006, the mother of two of Cha-pell’s minor victims discovered him molesting one her daughters. During the ensuing investigation, Chapell admitted to molesting eight different victims. Four were identified, and the grand jury returned a ten-count indictment charging seven counts of sexual penetration of a child under fourteen (sexual battery)[1] and three counts of gratification of lust by touching a child under sixteen (fondling).[2] Chapell was arrested. He was later released on a ten-percent bond conditioned on his placement under house arrest.
¶ 3. Chapell pled guilty to three of the counts of sexual battery and two of the counts of fondling. At the plea hearing, Chapell’s counsel proffered that Chapell had been examined by a psychologist who is an expert in evaluating defendants regarding competency and legal insanity. While Chapell did have a diminished mental capacity, Chapell’s counsel admitted he was competent to stand trial and enter a plea. Taking into consideration the information about Chapell’s low intelligence quotient (IQ), which indicated some mental retardation, the circuit judge found Cha-pell was competent and accepted his plea of guilty.
¶ 4. At the sentencing hearing, the State requested Chapell be sentenced to forty years in prison. Chapell’s counsel asked the circuit judge to sentence Chapell to continued house arrest, arguing such a sentence would be more appropriate than jail in light of Chapell’s childlike mental capacity. Counsel also relied on the circuit court’s recent sentencing of another defendant convicted of child molestation to *1006 house arrest, claiming the circumstances were similar.
¶ 5. In issuing Chapell’s sentence, the circuit judge distinguished the case in which the court had ordered house arrest. That case involved one victim over á three-day period. And everyone interested in the case — the State, the defendant, and the victim’s family — agreed to the sentence. But Chapell’s case involved multiple victims over multiple years, and the State and the victims’ families requested forty years in jail. The circuit judge, noting on the record he had reviewed the information presented about Chapell’s diminished mental capacity, sentenced him to twenty-five years in jail and fifteen years of post-release supervision. The circuit judge gave Chapell sixty-four days’ credit for time served in jail before being released on bond.
¶ 6. Following the July 31, 2007 entry of the judgment against him, Chapell did not directly appeal his sentence. See Hamilton v. State, 44 So.3d 1060, 1065 (¶ 15) (Miss.Ct.App.2010) (citing Trotter v. State, 554 So.2d 313, 315 (Miss.1989)) (explaining that, while a guilty plea could not be directly appealed under Mississippi Code Annotated § 99-35-101 (Rev.2007), a sentence resulting from a guilty plea could be appealed). But see Miss.Code Ann. § 99-35-101 (Supp.2011) (effective July 1, 2008) (amending the statute so that a defendant who “enters a plea of guilty and is sentenced” is not allowed to directly appeal from the circuit court to the Mississippi Supreme Court). But Chapell did file a PCR motion collaterally attacking his sentence within the three-year statutory time limit. See Miss.Code Ann. § 99-39-5(2) (Supp.2011). The circuit court dismissed this motion without a hearing, and Chapell timely appealed.
STANDARD OF REVIEW
¶ 7. We review the dismissal of a PCR motion for abuse of discretion. Burrough v. State, 9 So.3d 368, 371 (¶ 6) (Miss.2009) (citing Billiot v. State, 655 So.2d 1, 12 (Miss.1995)). The circuit court may summarily dismiss a PCR motion “if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Id. (quoting Miss.Code Ann. § 99-39-11(2) (Rev.2007)).
DISCUSSION
I. Jurisdiction
¶8. Chapell first argues he was entitled to relief because the circuit judge who imposed his sentence failed to make an on-the-record finding of personal and subject-matter jurisdiction. Like the circuit court, we are confused about the jurisdictional error Chapell is asserting. The only authority Chapell cites is a completely irrelevant civil case. “Failure to cite relevant authority obviates the appellate court’s obligation to review such issues.” Byrom v. State, 863 So.2d 836, 853 (¶ 35) (Miss.2003) (citing Simmons v. State, 805 So.2d 452, 487 (¶ 90) (Miss.2001)).
¶ 9. Clearly, the DeSoto County Circuit Court had jurisdiction to sentence Chapell. Mississippi’s circuit courts have general jurisdiction “to hear and determine all prosecutions in the name of the state for treason, felonies, crimes, and misdemeanors[.]” Miss.Code. Ann. § 9-7-81 (Rev. 2002). And a circuit court obtains “subject matter jurisdiction over the subject of a particular offense” when “[a]n indictment charging the essential elements of a crime [is] served on a defendant!.]” Neal v. State, 936 So.2d 463, 466 (¶7) (Miss.Ct. App.2006) (citing Jefferson v. State, 556 So.2d 1016, 1021 (Miss.1989)).
*1007 ¶ 10. The DeSoto County Circuit Court served Chapell with a ten-count indictment that included the five counts to which he pled guilty. Thus, the court had the jurisdiction to accept his plea and impose his sentence. See Jefferson, 556 So.2d at 1020 (noting that a court that has jurisdiction to adjudge the defendant guilty of the charges in his indictment certainly has “jurisdiction to accept his guilty plea, adjudge him guilty, and impose sentence”). We affirm the circuit court’s dismissal of this claim.
II. Chapell’s Sentence
¶ 11. Chapell next argues he is entitled to relief because: (1) his sentence is grossly disproportionate to sentences imposed in the same and surrounding jurisdictions for similar crimes; and (2) the trial court did not take into account mitigation evidence of his low IQ.
A. Procedural Bar
¶ 12. The circuit court, relying on this court’s opinion in Hamilton, found Cha-pell’s sentencing argument had been waived by not raising it on direct appeal. In Hamilton, we found the failure to challenge the proportionality of a sentence following a guilty plea barred raising the issue in a PCR motion. Hamilton, 44 So.3d at 1065-66 (¶ 15) (citing Dennis v. State, 873 So.2d 1045, 1049 (¶ 13) (Miss.Ct.App.2004)); see also Johnson v. State, 39 So.3d 14, 21-22 (1Í16) (Miss.Ct.App.2010) (holding the defendant’s challenge to constitutionality of his sentence raised in his PCR motion was barred by failure to directly appeal the sentence). We note Hamilton, Dennis, and Johnson all relied on the Mississippi Supreme Court’s interpretation of section 99-35-101 in Trotter, 554 So.2d at 315. See Hamilton, 44 So.3d at 1065 (¶ 15); Dennis, 873 So.2d at 1049 (¶ 13); Johnson, 39 So.3d at 22 (¶ 16). Subsequent to the entry of Chapell’s guilty plea and sentence, section 99-35-101 was amended to make not only a plea of guilty but also the sentence that followed ineligible for direct appeal. See Miss.Code Ann. § 99-35-101 (Supp.2011). So while we apply Trotter and the cases relying on Trotter, such as Hamilton, to Chapell’s guilty plea and sentence, we point out this line of cases would not apply to a defendant who has pled guilty after July 1, 2008.
¶ 13. Chapell argues this court made an “illogical jump” in Hamilton by reasoning that, because a sentence following a guilty plea may be appealed, it must be appealed. He also argues this holding “completely ignores” Mississippi’s Uniform Post-Conviction Collateral Relief Act (UPCCRA), which provides:
Any person sentenced by a court of record of the State of Mississippi ... may file a motion to vacate, set aside or correct the judgment or sentence ... if the person claims ... [t]hat the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi!.]
Miss.Code Ann. § 99-39-5(l)(a) (Supp. 2011). But the UPCCRA also instructs:
Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred[.]
Miss.Code. Ann. § 99-39-21(1) (Rev.2007). See Payton v. State, 845 So.2d 713, 717 (¶ 14) (Miss.Ct.App.2003) (citing Miss.Code Ann. § 99-39-21(1)) (holding failure to raise issue of illegal sentence at sentencing hearing waived raising issue in PCR motion).
*1008 ¶ 14. The stated purpose of the UP-CCRA is “to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues or errors which in practical reality could not be or should not have been raised at trial or on direct appeal.” Miss. Code Ann. § 99-39-3(2) (Rev.2007) (emphasis added). In Dennis, 873 So.2d at 1049 (¶ 13), this court held that, because the defendant’s “challenge to his sentence existed immediately after the sentencing hearing and was an appropriate issue for a direct appeal[, the defendant’s] failure to raise these issues on direct appeal precludes consideration in post-conviction relief proceedings.”
¶ 15. As in Dennis, we find Cha-pell’s sentencing claims could and should have been raised a direct appeal. Chapell argues his disproportionate-sentence argument could not have been made on direct appeal because it required facts and information not in the trial record. But Cha-pell’s primary ai-gument is that his sentence is unconstitutional because of his diminished mental capacity. This complaint “existed immediately after the sentencing hearing[.]” Id. All the information provided and arguments Chapell makes about his diminished mental capacity are found in Chapell’s criminal trial record. The psychological evaluation Chapell attached to his PCR motion is the exact same evaluation reviewed by the sentencing judge prior to imposing Chapell’s sentence. Chapell’s counsel made the same arguments about Chapell’s low IQ and childlike mental capacity before the sentencing court. And the sentencing judge stated on the record that he considered this mitigation information in imposing Chapell’s sentence. Thus, this issue was appropriate for direct appeal, and the circuit court correctly found Chapell was barred from raising the issue in his PCR motion. Cf. Wilcher v. State, 863 So.2d 776, 795-96 (¶ 30) (Miss.2003) (quoting Foster v. State, 687 So.2d 1124, 1129 (Miss.1996)) (holding “a defendant is procedurally barred by waiver from making a challenge to a capital sentencing scheme as a whole in a petition for post-conviction relief where the issue was capable of determination at trial and/or on direct appeal but was not raised”).
B. Proportionality
¶ 16. Section 99-39-21(1) does give the court discretion to grant relief from the waiver “upon a showing of cause and actual prejudice.” Further, the Mississippi Supreme Court has held courts do not have discretion and must grant relief from the MPCCRA’s procedural bars for “errors affecting fundamental constitutional rights.” Rowland v. State, 42 So.3d 503, 507 (1112) (Miss.2010) (overruling Luckett v. State, 582 So.2d 428, 430 (Miss.1991), which held errors affecting fundamental constitutional rights “may” be excepted). Though Chapell asserts his Eighth Amendment right protecting against cruel an unusual punishment was violated, we find his sentence does not run afoul of his fundamental constitutional rights. See U.S. Const. amends. VIII, XIV.
¶ 17. Procedural bar notwithstanding, the circuit court found the claim of a disproportional sentence in Chapell’s PCR motion could be dismissed on its face because Chapell’s sentence fell well within the statutory limits. Chapell argues the circuit court erred by not conducting a proportionality review under Solem v. Helm, 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). In Solem, the United States Supreme Court gave a three-prong test to analyze for disproportionality under the Eighth Amendment:
(i) the gravity of the offense and the harshness of the penalty;
*1009 (ii) the sentence imposed on other criminals in the same jurisdiction; and
(iii) the sentences imposed for commission of the same crime in other jurisdictions.
Nichols v. State, 826 So.2d 1288, 1290 (¶ 11) (Miss.2002) (citing Solem, 463 U.S. at 290-92, 103 S.Ct. 3001). Specifically, Chapell argues the circuit court failed to consider evidence provided about sentences imposed for child molestation in the same jurisdiction.
¶ 18. As the Mississippi Supreme Court has noted, “Solem was overruled in Harmelin v. Michigan, 501 U.S. 957, 965-66, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) ‘to the extent that it found a guarantee of proportionality in the Eighth Amendment.’ ” Nichols, 826 So.2d at 1290 (¶ 12) (quoting (quoting Hoops v. State, 681 So.2d 521, 538 (Miss.1996)); see Harmelin, 501 U.S. at 965, 111 S.Ct. 2680 (“We conclude from this examination that Solem was simply wrong; the Eighth Amendment contains no proportionality guarantee.”). “In light of Harmelin, it appears that Solem is to apply only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of ‘gross disproportionality.’” Nichols, 826 So.2d at 1290 (¶ 12).
¶ 19. “Generally, sentences that do not exceed the maximum term allowed by statute will not be considered grossly disproportionate[.]” Thomas v. State, 48 So.3d 460, 479 (¶ 59) (Miss.2010) (citing Mingo v. State, 944 So.2d 18, 34 (Miss.2006)); see also Calhoun v. State, 849 So.2d 892, 897 (¶ 19) (Miss.2003) (“When a sentence is within the limits fixed by the statute, the sentence cannot be said to be excessive.”). Chapell faced a potential life sentence for each charge of sexual battery, Miss.Code Ann. § 97-3-101(3) (Rev.2006), and fifteen years’ imprisonment for each charge of fondling, Miss.Code Ann. § 97-5-23(1). The sentencing court imposed a sentence that was only five years more than the minimum for each sexual battery charge and ordered the sentences to run concurrently. See Miss.Code Ann. § 97-3-101(3). The sentencing court imposed no jail time for the fondling charges and ordered the two fifteen-year sentences of post-release supervision to run concurrently-
¶ 20. Further, in Bell v. State, 797 So.2d 945, 951 (¶ 31) (Miss.2001), the supreme court did “not consider the statutory punishment of thirty years for the crime of sexual battery to be excessive, especially when the victim is a child of tender years,” because child molestation caused irreparable emotional, and sometimes physical, harm. The circuit court relied on Bell to find Chapell’s crimes— multiple counts of sexual battery of a minor and fondling — compared to his twenty-five year sentence was not excessive. Because we agree a threshold comparison of the crimes and sentences does not lead to an inference of gross disproportionality, we find the circuit court did not err by not conducting a Solem proportionality review.
¶ 21. Chapell argues his sentence is excessive in light of his diminished mental capacity. Chapell relies on Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), which held sentencing mentally retarded defendants to death violates the Eighth Amendment. See id. at 321, 122 S.Ct. 2242 (The Eighth Amendment “ ‘places a substantive restriction on the State’s power to take the life’ of a mentally retarded offender.” (quoting Ford v. Wainwright, 477 U.S. 399, 405,106 S.Ct. 2595, 91 L.Ed.2d 335 (1986))). In reaching this decision, the Supreme Court relied on “evidence that today our society views mentally retarded offenders as categorically less culpable than the average criminal.” Id. at 316, 122 S.Ct. 2242. *1010 Based on Atkins, Chapell argues he should have received a sentence reflecting his “lesser culpability.” Instead, he asserts, he was given one of the most severe sentences recently imposed on a child molester in DeSoto County and the surrounding jurisdictions.
¶ 22. We first point out this is not a case where Atkins applies. Atkins’s holding did not address penalties less severe than the death penalty, and Mississippi has not applied Atkins to offenses other than capital crimes. Second, we cannot find the sentencing court failed to consider Cha-pell’s evidence of diminished mental capacity and the potential mitigating effect it may have on his sentence. The sentencing judge stated on the record he had reviewed this evidence before imposing a sentence. And the judge essentially sentenced him to serve only twenty-five years in prison, with the remaining fifteen years to be served through post-release supervision. While twenty-five years in prison is by no means insignificant, it is far less than the three consecutive life sentences, followed by thirty more years, the judge could have imposed on Chapell, while still remaining within the statutory limits. See Nichols, 826 So.2d at 1290 (¶ 10) (“Sentencing is within the complete discretion of the trial court .... ” (quoting Wall v. State, 718 So.2d 1107, 1114 (¶29) (Miss.1998))). We cannot say Chapell’s sentence is disproportionate to his admitted predatory crimes against children. Chapell pled guilty to the sexual penetration of two different children and the inappropriate sexual touching of another child. Further, Chapell was found competent to enter a plea to these crimes and was aware the State would ask for forty years in prison in exchange for his open plea.
¶ 28. Because Chapell’s sentence was well within the statutory limits and because the sentencing judge did not abuse his discretion in weighing Chapell’s evidence of diminished mental capacity, we, like the circuit court, find Chapell’s sentence does not violate his Eighth Amendment right against cruel and unusual punishments. We affirm the circuit court’s dismissal of this claim.
III. Credit for Time Served
¶24. Finally, Chapell argues the sentencing judge erred by only crediting him sixty-four days for time served in jail prior to sentencing. Chapell argues the year he spent out on bond under house arrest should also have been credited because he was essentially “incarcerated” during that time by being confined to his home.
¶ 25. This court has held that “a post-conviction relief pleading is not the proper means to calculate and receive credit for the initial time served.” McDonald v. State, 16 So.3d 83, 85 (¶ 6) (Miss.Ct.App.2009) (quoting Murphy v. State, 800 So.2d 525, 527 (¶ 10) (Miss.Ct. App.2001); citing Miss.Code Ann. § 99-19-23 (Rev.2007)). Instead, Chapell “should send such requests to the proper authorities within the Mississippi Department of Corrections’ administrative system.” Id. Only after he is denied proper relief or credit for time served by the MDOC may he “then turn to the courts to seek remedy.” Id. (quoting Murphy, 800 So.2d at 528 (¶ 10)).
¶ 26. Further, we note Chapell’s time spent on house arrest does not fall within the plain language of the time-served statute. Mississippi Code Annotated section 99-19-23 provides:
The number of days spent by a prisoner in incarceration in any municipal or county jail while awaiting trial on a criminal charge, or awaiting an appeal to a higher court upon conviction, shall be applied on any sentence rendered by a court of law or on any sentence finally set after all avenues of appeal are exhausted.
*1011 (Emphasis added). Chapell was not in jail the year leading up to his sentence but instead was out on bond. His house arrest was not a de facto “incarceration” but instead a condition of reducing his $500,000 bond from 100% — as required by Uniform Rule of Circuit and County Court 6.02(B) based on the nature of his crimes — to only 10%, or $50,000. See URCCC 6.02(E) (“The circuit judge has the discretion to waive or modify any requirements of this rule, except for the collection of the fee[.]”). Thus, he was not entitled to credit for his time under house arrest under section 99-19-23.
¶ 27. We affirm the circuit court’s dismissal of this claim.
¶ 28. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, RUSSELL AND FAIR, JJ„ CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.

. Miss.Code Ann. § 97 — 3—95(l)(d) (Rev.2006) ("A person is guilty of sexual battery if he or she engages in sexual penetration with ... [a] child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.”).

. Miss.Code Ann. § 97-5-23 (Rev.2006) ("Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child’s consent ... shall be guilty of a felony[.]”).