# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-01026-COA

**TROY ELLIS A/K/A TROY VANCURTIS ELLIS**　　　　**APPELLANT**
**A/K/A TROY V. ELLIS**

**v.**

**STATE OF MISSISSIPPI**　　　　　　　　　　　　　　**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/25/2020 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | TROY ELLIS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/22/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., GREENLEE AND SMITH, JJ.

### GREENLEE, J., FOR THE COURT:

¶1. Troy Ellis appeals from the Hinds County Circuit Court's order denying his motion for post-conviction collateral relief (PCR). Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. In 2013, Troy Ellis pled guilty to armed robbery, armed carjacking, and the kidnapping of Robert Arnold in Cause Number 12-0-23. Ellis also entered an *Alford*[1] plea, or a best-interest plea, in Cause Number 12-0-193 for two counts of the armed robbery of

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970).

James Grimes. This appeal concerns only the crimes committed against Arnold in Cause Number 12-0-23.

¶3.     In Cause Number 12-0-23, the circuit court found Ellis' guilty plea was knowingly and voluntarily made, accepted his plea, and sentenced him to twenty-five years in the custody of the Mississippi Department of Corrections, with fifteen years suspended, ten years to serve, and three years of post-release supervision for each of the three convictions.

¶4.     In January 2020, Ellis filed a PCR motion claiming (1) his sentence was illegal; (2) he received ineffective assistance of counsel; (3) the factual basis for his plea was insufficient; and (4) the court did not advise him of certain constitutional rights. Finding that Ellis' PCR motion was procedurally barred and that there was no merit to Ellis' arguments, the circuit court denied relief and dismissed his PCR motion. Aggrieved, Ellis appeals the circuit court's ruling on his PCR motion.

## STANDARD OF REVIEW

¶5.     Absent a finding that the circuit court's decision was clearly erroneous or an abuse of its discretion, we will not reverse a circuit court's denial or dismissal of a PCR motion. *Lawrence v. State*, 293 So. 3d 848, 851 (¶6) (Miss. Ct. App. 2019). When reviewing issues of law, the proper standard of review is de novo. *Id.*

## DISCUSSION

¶6.     Ellis argues that his PCR motion is not procedurally barred and that his due process rights were violated for several reasons. We will discuss each of his arguments in turn.

¶7.     As a preliminary point, a PCR motion following a guilty plea is untimely unless it is

filed within three years after the judgment of conviction is entered. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). Ellis' PCR motion was filed approximately seven years after the judgment of conviction was entered, well past the three-year statute of limitations. For this reason, the circuit court found Ellis' motion procedurally time-barred. Ellis bears the burden of showing that a fundamental-rights exception applies to the time-bar. *Creel v. State*, 305 So. 3d 417, 421 (¶9) (Miss. Ct. App. 2020).

### I. Illegal Sentence

¶8. In an attempt to evade the procedural bar, Ellis asserts that his 2013 sentence was illegal because he was not advised of the possible minimum sentences for the crimes. We recognize that a "fundamental-rights exception expressly found to survive procedural bars includes the right to be free from an illegal sentence." *Hunt v. State*, 312 So. 3d 1233, 1235 (¶8) (Miss. Ct. App. 2021) (quoting *Nichols v. State*, 265 So. 3d 1239, 1242 (¶10) (Miss. Ct. App. 2018)). We therefore address Ellis' illegal-sentence claim on the merits.

¶9. As this Court has noted, our supreme court has held that "[a] defendant must be advised concerning the nature of the charge against [him] and the consequences of [his] plea including the minimum and maximum sentences that may be imposed." *Johnson v. State*, 39 So. 3d 14, 19 (¶7) (Miss. Ct. App. 2010) (quoting *Hannah v. State*, 943 So. 2d 20, 25 (¶12) (Miss. 2006)), *superseded on other grounds as stated in Chapell v. State*, 107 So. 3d 1003, 1007 (¶12) (Miss. Ct. App. 2012). Furthermore, Uniform Rule of Circuit and County Court Practice 8.04(A)(4)(b) placed a duty on circuit judges to "inquire and determine . . . [t]hat the

accused understands . . . the maximum and minimum penalties provided by law . . . ."[2] *Id*. "[A] sentence and conviction based upon a guilty plea where a defendant was not made aware of a mandatory minimum sentence at the time of the plea can be reversed." *Id*. (quoting *Washington v. State*, 620 So. 2d 966, 968 (Miss. 1993)).

¶10.    Ellis is correct in his assertion that the circuit court did not advise him of the minimum sentence for armed robbery and kidnapping. However, the failure of the circuit court to advise the defendant of the minimum sentence may be harmless error if the defendant was correctly informed by another source or "if [it] appears beyond a reasonable doubt that the plea would have been entered anyway." *Id*. (quoting *Dockens v. State*, 879 So. 2d 1072, 1075 (¶6) (Miss. Ct. App. 2004)); *see also Courtney v. State*, 704 So. 2d 1352, 1359 (¶29) (Miss. Ct. App. 1997). "Where no prejudice is found, the 'harmless error rule' applies." *Burnett v. State*, 831 So. 2d 1216, 1219 (¶12) (Miss. Ct. App. 2002).

¶11.    We find that the harmless-error rule applies here. The crime of armed robbery carries a minimum sentence of three years if sentenced by the judge. Miss. Code Ann. § 97-3-79 (Rev. 2006).[3] The crime of kidnapping carries a minimum sentence of one year if sentenced

---

[2] At the time of Ellis' plea hearing on July 31, 2013, Rule 8.04 governed the procedure that a circuit court was required to follow prior to accepting a guilty plea. Effective July 1, 2017, the Mississippi Rules of Criminal Procedure replaced the Uniform Rules of Circuit and County Court Practice with regard to criminal procedure. Mississippi Rule of Criminal Procedure 15.3(d) is largely derived from former Rule 8.04 of the Uniform Rules of Circuit and County Court Practice and illustrates the information a circuit court must provide to a defendant during a plea hearing.

[3] Under Mississippi Code Annotated section 97-3-79, a person convicted of armed robbery

shall be imprisoned for life in the state penitentiary if the penalty is so fixed

4

by the judge. Miss. Code Ann. § 97-3-53 (Supp. 2011).[4] While it is true that Ellis was not informed of the minimum sentences at the time of his plea hearing, Ellis suffered no prejudice. Ellis was informed at the hearing that the State had recommended that he receive, in Cause Number 12-0-023, twenty-five years in custody, with ten years suspended and fifteen years to serve for Count I. Upon release, the State recommended he be placed on five years of post-release supervision. For Counts II and III in Cause Number 12-0-023, the State recommended a fifteen-year sentence with all sentences running concurrently. Ellis advised the court that he understood the State's recommendation. He knew in advance, expected, and received the sentence he bargained for.

¶12. Although Ellis argues that he was not informed of the minimum sentences, he does not argue that he was misled into believing that the sentences he received were the minimum. Nor does Ellis claim that he was under the impression that he would receive the minimum sentences for his crimes. It can also be said that the failure to advise Ellis of the mandatory minimum sentences did not affect his decision to plead guilty, given the fact that he had already admitted guilt and was willing to plead guilty in exchange for the State's

---

by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.

[4] Under Mississippi Code Annotated section 97-3-53, a person convicted of kidnapping

shall be imprisoned for life in the custody of the Department of Corrections if the punishment is so fixed by the jury in its verdict. If the jury fails to agree on fixing the penalty at imprisonment for life, the court shall fix the penalty at not less than one (1) year nor more than thirty (30) years in the custody of the Department of Corrections.

recommending a sentence of fifteen years. Since Ellis was "not harmed because there can be no claim that the misinformation induced the plea," we find any error to be harmless. *Nelson v. State*, 626 So. 2d 121, 126 (Miss. 1993).

## II.      Ineffective Assistance of Counsel

¶13.    Next, Ellis claims that he received ineffective assistance of counsel. Specifically, he argues that his counsel failed to investigate his claim that he did not have a weapon during the commission of the crime and that his indictment did not explain the armed robbery statute.

¶14.    The supreme court has held that "a claim of ineffective assistance of counsel may be excepted from the statute of limitations . . . bar in 'exceptional circumstances' . . . or 'extraordinary circumstances[.]'" *McDonald v. State*, 307 So. 3d 497, 500 (¶7) (Miss. Ct. App. 2020) (quoting *Conley v. State*, No. 2011-M-01006, 2020 WL 949240, at *1 (Miss. Feb. 26, 2020) (order)); *see also Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015). Therefore, "to obtain post-conviction relief a petitioner who pled guilty must prove that his attorney's ineffective performance proximately caused the plea—i.e., that but for counsel's errors, the petitioner would not have entered the plea." *Worth v. State*, 223 So. 3d 844, 849-50 (¶17) (Miss. Ct. App. 2017). However, Ellis must provide proof beyond his own conclusory assertions. *Id*. at 849-50 (¶17); *see Hunt*, 312 So. 3d at 1237 (¶17).

¶15.    To prevail on an ineffective-assistance-of-counsel claim, Ellis must show "(1) that his counsel's performance was deficient, and (2) that this alleged deficiency prejudiced his defense." *Thompson v. State*, 119 So. 3d 1007, 1009 (¶5) (Miss. 2013) (quoting *Goff v. State*,

14 So. 3d 625, 655 (¶121) (Miss. 2009)). "[A] rebuttable presumption [exists] that trial counsel is competent and his performance was not deficient." *Id.* "Additionally, [Ellis] must show that there is a reasonable probability that, but for the errors of his counsel, the judgment would have been different." *Id.* However, "[w]hen a defendant's assertions of ineffective assistance of counsel are substantially contradicted by the court record of the proceedings, the court may disregard such assertions." *Neal v. State*, 186 So. 3d 378, 384 (¶20) (Miss. Ct. App. 2016) (citing *Elliott v. State*, 41 So. 3d 701, 709 (¶25) (Miss. Ct. App. 2009)).

¶16.    Ellis offers nothing to support his ineffective-assistance claims, which are contradicted by his own sworn statements during the plea hearing. Under oath, Ellis stated that he believed his attorney had properly represented him and advised him. Ellis also confirmed that his attorney had reviewed the evidence with him.  During the plea hearing, the circuit court asked Ellis the following questions:

> [COURT]:    Are you satisfied with your lawyer in this case?
>
> [ELLIS]:    Yes ma'am.
>
> [COURT]:    And do you believe she's been competent in representing you and going over the evidence against you?
>
> [ELLIS]:    Yes.
>
> [COURT]:    Did she explain your Constitutional rights to you similar to what I've done today?
>
> [ELLIS]:    Yes, ma'am.
>
> [COURT]:    And did she go over the evidence with you and help you reach a decision about whether to plead guilty or not or to go to trial?
>
> [ELLIS]:    Yes, ma'am.

7

| | |
|---|---|
| [COURT]: | And considering the cases before you, you believe this is your best option? |
| [ELLIS]: | Yes. |

¶17. Ellis' claim that he received ineffective assistance of counsel is substantially contradicted by his own sworn statements in court. Other than his own assertions, Ellis has not shown that his counsel was ineffective. Accordingly, Ellis' ineffective-assistance-of-counsel claim remains procedurally barred.

### III. Factual Basis

¶18. Ellis claims that the State failed to establish a factual basis to support his guilty plea. "There are many ways to establish a factual basis, including a statement of the prosecutor, the testimony of live witnesses, and prior proceedings, as well as an actual admission by the defendant." *Bates v. State*, 319 So. 3d 508, 511 (¶7) (Miss. Ct. App. 2021) (quoting *Collins v. State*, 311 So. 3d 1285, 1289 (¶9) (Miss. Ct. App. 2021)). "[I]f sufficiently specific, an indictment or information can be used as the sole source of the factual basis for a guilty plea." *Taylor v. State*, 313 So. 3d 1106, 1111 (¶13) (Miss. Ct. App. 2021) (quoting *Williams v. State*, 110 So. 3d 840, 843 (¶17) (Miss. Ct. App. 2013)). "A defendant may establish a factual basis for his guilty plea simply by pleading guilty; however, his plea "must contain factual statements constituting a crime or be accompanied by independent evidence of guilt." *Aucoin v. State*, 17 So. 3d 142, 146 (¶11) (Miss. Ct. App. 2009) (quoting *Hannah v. State*, 943 So. 2d 20, 26-27 (¶16) (Miss. 2006)). In other words, "a factual basis is not established by the mere fact that a defendant enters a plea of guilty." *Id*. Rather, "the record must contain those facts which are 'sufficiently specific to allow the court to determine that the

8

defendant's conduct was within the ambit of that defined as criminal.'" *Id*. (quoting *Lott v. State*, 597 So. 2d 627, 628 (Miss. 1992)). When determining if a factual basis existed for a defendant's guilty plea, we are not limited to a review of a defendant's plea transcript. *Id.*; *see also Boddie v. State*, 875 So. 2d 180, 183 (¶8) (Miss. 2004). Instead, we review "the entire record to determine whether a factual basis supported the defendant's plea." *Taylor*, 313 So. 3d at 1111 (¶13).

¶19.    We note that "[b]y pleading guilty, an offender waives a claim that there was insufficient evidence to find him guilty." *Putnam v. State*, 212 So. 3d 86, 93 (¶21) (Miss. Ct. App. 2016) (quoting *Stamps v. State*, 151 So. 3d 248, 255 (¶19) (Miss. Ct. App. 2014)). Despite this waiver, we find the prosecutor's statement was an adequate factual basis for the plea. At the plea hearing, the following colloquy occurred:

> [PROSECUTOR]:    And both of those counts occurred in the First Judicial District of Hinds County in violation of Section 97-3-79. And then in a separate indictment, 12-0-023, the same defendant, Troy VanCurtis Ellis, on October 11th, 2011, did willfully, unlawfully and feloniously, attempt to take or take from Robert Arnold, personal property, U.S. Currency, that belonged to Mr. Arnold at Vicksburg Specialty Corporation against the will of Robert Arnold by placing a firearm and placing him in fear of immediate injury or death. He demanded that Mr. Arnold give up all your money or I will shoot you. Same date, this defendant did willfully, unlawfully and feloniously - - just one second, Your Honor.

> [COURT]:    Yes, ma'am.

> [PROSECUTOR]:    Whether against the resistance by sudden or stealthy seizures place Mr. Arnold in fear; thereby also taking the motor vehicle from Mr. Arnold's possession. The vehicle was described as a Henan, H-e-n-a-n, box truck with a

Louisiana commercial license; again placing the firearm or what Mr. Arnold believed to be a firearm in Mr. Ellis' pocket and pointing at him threatening to shoot him if he didn't give over the vehicle. This property belonged to Vicksburg's Specialty Corporation.

And then also on the same date this defendant did willfully, unlawfully and feloniously, kidnap Mr. Robert Arnold by confining against his will for a short period of time in violation of Section 97-3-53. All three of these charges happened at the same time for a period of time in the First Judicial District of Hinds County, Mississippi.

The court informed Ellis that it would ask for his plea with reference to each count, and then it would ask him questions regarding his constitutional rights as they related to all of the counts together. Specifically, the court asked:

[COURT]: Okay. As to Cause No. 12-0-023, Count I, the armed robbery of Robert Arnold?

[ELLIS]: Yes, ma'am.

[COURT]: You committed those acts?

[ELLIS]: Yes, ma'am.

[COURT]: And as to the Count II, the carjacking with a gun as to Robert Arnold, did you commit those acts?

[ELLIS]: Yes, ma'am, but without a weapon.

[COURT]: As to the kidnapping of Robert Arnold in Count III of 12-0-023, did you commit that act?

[ELLIS]: Yes, ma'am.

The circuit court found that Ellis had stated facts sufficient for the court to accept his plea of guilty to Counts I, II, and III in Cause Number 12-0-023.

10

¶20.    Ellis argues that because he did not use a gun during the commission of his crimes, the State's factual basis for armed robbery was insufficient. We disagree. Our supreme court has held that when "a defendant makes an overt act, a victim does not have to actually see a deadly weapon. So long as the victim reasonably believes that the defendant had a deadly weapon and the defendant makes an overt act the [armed-robbery] statute is satisfied." *Brent v. State*, 296 So. 3d 42, 50-51 (¶33) (Miss. 2020) (quoting *Dambrell v. State*, 903 So. 2d 681, 689 (¶32) (Miss. 2005)). In *Trammell v. State*, 62 So. 3d 424, 428-29 (¶¶16-17) (Miss. Ct. App. 2011), the defendant produced a note saying he had a gun, and the victim testified that she feared for her life. This Court stated, "[t]he fact that [the victim] never saw the weapon was of no matter." *Id*.

¶21.    Although Ellis stated that he did not have a weapon, at the plea hearing, the State asserted that it could prove that

> Ellis . . . did willfully, unlawfully and feloniously, attempt to take or take from Robert Arnold, personal property . . . that belonged to Mr. Arnold . . . against the will of Robert Arnold by placing a firearm and placing him in fear of immediate injury or death. He demanded that Mr. Arnold give up all [his] money or [Ellis would] shoot [him].

The State further stated that it could prove that

> Ellis . . . willfully, unlawfully and feloniously . . . place[d] Mr. Arnold in fear; thereby also taking the motor vehicle from Mr. Arnold's possession . . . again placing the firearm or what Mr. Arnold believed to be a firearm in [Ellis'] pocket and pointing at [Arnold] threatening to shoot him if he didn't give over the vehicle.

When asked if he committed the criminal acts against Arnold, Ellis responded in the affirmative. As mentioned above, "[t]here are many ways to establish a factual basis,

11

including a statement of the prosecutor . . . ." *Bates*, 319 So. 3d at 511 (¶7). Regardless of whether Ellis had an actual weapon, the State was prepared to prove that Arnold reasonably believed that Ellis did and that Arnold feared for his life.

¶22. Additionally, Ellis claims that since he stated on record that he did not have a weapon, the circuit court should not have accepted his plea of armed robbery. A review of the record reflects Ellis' statement made to the court. However, as discussed, Ellis could still be convicted of armed robbery regardless of whether he actually had a deadly weapon. *See Chilton v. State*, 245 So. 3d 525, 530 (¶17) (Miss. Ct. App. 2017), *cert. denied*, 246 So. 3d 883 (Miss. 2018); *Lyons v. State*, 942 So. 2d 247, 250-51 (¶15) (Miss. Ct. App. 2006), *cert. denied*, 957 So. 2d 1004 (Miss. 2007). Additionally, the record also shows that Ellis did not object when the circuit court continued with the plea colloquy, nor did he make any effort to stop the plea, so such issues are not properly before us. *See Wells v. State*, 698 So. 2d 497, 514 (Miss. 1997) ("Any claim is waived for failure to raise a contemporaneous objection."). The record in this case shows that Ellis was prepared to plead guilty and did plead guilty.

¶23. Because Ellis has failed to demonstrate that his guilty plea was accepted without a sufficient factual basis and merely asserted a constitutional-right violation, his claim is not excepted from the procedural bars. This issue is without merit.

### IV. Constitutional Rights

¶24. Finally, Ellis claims the circuit court failed to advise him of certain constitutional rights prior to pleading guilty. This Court has held that "[a] defendant must be advised that his guilty plea waives multiple constitutional rights." *Collins v. State*, 311 So. 3d 1285, 1290

12

(¶12) (Miss. Ct. App. 2021) (citing *Hill v. State*, 60 So. 3d 824, 828 (¶11) (Miss. Ct. App. 2011)). "The most significant evidence of voluntariness of a plea is the thoroughness with which the defendant was interrogated by the [circuit] court." *Id.* Ellis asserts that he was not advised that he had a right to counsel at all stages of the trial and any appeal, nor was he advised that he had the right to a jury verdict of twelve jurors.

¶25. Rule 8.04(A)(4)(c) of the Uniform Rules of Circuit and County Court Practice, which was in effect at the time of Ellis' plea, required

> [t]hat the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination; if the accused is not represented by an attorney, that (s)he is aware of his/her right to an attorney at every stage of the proceeding and that one will be appointed to represent him/her if (s)he is indigent.

¶26. Contrary to Ellis' argument, the record shows that Ellis was informed that his guilty plea would waive these rights. A review of the transcript shows that Ellis was advised that by entering a guilty plea he would waive his right to a jury trial. Furthermore, Rule 8.04(A)(4)(c) did not require the circuit court to inform Ellis of his right to an attorney at every stage of the proceeding since he was already represented by counsel. We find that the circuit court complied with the requirements of Rule 8.04(A)(4)(c). Therefore, this issue is without merit.

## CONCLUSION

¶27. Ellis had the burden of proving that he satisfied an exception to the procedural bar. He failed to meet this burden. Finding all of Ellis' claims to be without merit, the circuit court's denial of his PCR motion is **AFFIRMED**.

13

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR. WILSON, P.J., AND McCARTY, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**